### LEWIS *v.* YUND.

### ALEXANDER *v.* SAME.

1. AUTOMOBILES—SPEED—ASSURED CLEAR DISTANCE AHEAD.

    The statute requiring that a motorist so drive as to be able to stop within the assured clear distance ahead is invoked with equal force when a driver runs into an object whether it is moving or at rest, being overtaken or approaching (CL 1948, § 256.305).

2. SAME—NEGLIGENCE AS MATTER OF LAW—COLLISION WITH STOPPED VEHICLE.

    Driver of westbound tractor and semitrailer was guilty of negligence as a matter of law in striking plaintiffs' car which had been stopped with right wheels just off north side of 3-lane pavement at 10 a.m. on a clear sunshiny day, where it appears defendant driver had seen plaintiffs' car while some 500 feet distant but continued at speed of 45 miles per hour until within 200 feet and was then unable to use center lane because of oncoming traffic and was unable to stop in time to avoid striking plaintiffs' car and injuring its occupants, one of them fatally (CL 1948, § 256.305).

Appeal from Van Buren; Mosier (Carl D.), J. Submitted April 8, 1954. (Dockets Nos. 28, 29, Calendar Nos. 45,334, 45,335.) Decided June 7, 1954.

Case by C. Henri Lewis, administrator of the estate of Richard Porter, deceased, against Kenneth Yund and Darwin E. Strand, for damages for death of decedent in automobile collision.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur, Automobiles §§ 166, 263.
[2] 5 Am Jur, Automobiles § 282.

Case by Anna Lee Alexander against same defendants for damages for personal injuries arising from same accident.

Cases, with a third, consolidated for trial without jury. Judgment for defendants. Plaintiffs appeal. Reversed and new trial granted.

*Markle, Markle & Eubank,* for plaintiffs.

*Thomas N. Robinson, Jr.,* for defendants.

SHARPE, J. These 2 actions grow out of the same set of facts. The record shows that Vernon E. Alexander, Anna Lee Alexander, Homer Rosar and Richard Porter, left Detroit for a trip to Chicago and remained there over Sunday and Monday. On September 7, 1948, they left Chicago for their return trip to Detroit. Upon the return trip the parties stopped at Jackson, Michigan. After leaving Jackson they proceeded on highway US–12 in an easterly direction toward Detroit. While on this highway the automobile developed some trouble and the car was stopped at a gasoline and service station at the intersection of US–12 and M–92 for the purpose of repairs and service to the car. After about 45 minutes the parties started eastward, and when at a point about 1 mile east of the intersection Vernon E. Alexander, the driver of the car, advised the parties that he was going to return to the service station. He turned the car around and proceeded in a westerly direction. It appears that the motor would sputter and stop. This condition continued for some distance and finally the car came to a stop and could not be started again. At this time the car was on the northerly side of the pavement with the right wheels of the car just off of the pavement. The highway was a 3-lane paved highway. The weather was

clear and bright, the sun was shining and the pavement was dry. On the north side of the highway there is a 10-foot shoulder from the edge of the pavement. The berm slopes down into a ditch.

At this time defendant, Darwin E. Strand, was employed as a truck driver for defendant, Kenneth Yund. He had gone to Detroit the night before with a load of peaches and was returning with a load of empty crates. He was operating a GMC tractor, attached to which was a Fruehauf trailer. He was traveling west on US–12 and reached a point about 500 feet east of the Alexander car when he first noticed the Alexander car. He was traveling at a speed of about 45 miles per hour. He continued traveling at the same rate of speed until he was about 200 feet from the car when a Pontiac car traveling in the same direction passed defendant's truck and turned back in the right lane of traffic. The operator of the Pontiac car suddenly turned to the left and went around the Alexander car. At this time a car coming from the west turned into the middle lane of the highway. Defendant first noticed that the Alexander car was not moving when the Pontiac car turned to the left and went around the Alexander car. He then applied his brakes and pulled his truck to the left, but the car traveling east prevented his going to the left far enough to avoid striking the Alexander car. As a result the right front of defendant's truck struck the left rear corner of Alexander's car, tipping it over and down the embankment, resulting in personal injuries to 3 members in the Alexander car and the death of another.

Defendant Strand testified that he was about 100 feet behind the Alexander car when the Pontiac car turned to the left in passing the Alexander car, and at this time he noticed that the Alexander car was not moving. Defendant Strand also testified that

he was 20 feet behind the Pontiac car when it turned to the left to pass the Alexander car.

This case was tried before the circuit court without the aid of a jury, and at its conclusion the trial court entered a judgment in favor of defendants. The trial court found as a fact that defendant Strand was in a place of peril and emergency not brought about by his own act, and that under such circumstances he was not guilty of negligence.

Plaintiffs appeal and urge that the trial court was in error in failing to hold that defendant Strand was guilty of negligence as a matter of law.

Michigan statute CL 1948, § 256.305 (Stat Ann § 9.1565), provides:

"(a) Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other condition then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead."

We have had numerous occasions to construe the language as used above. In *Ruth* v. *Vroom*, 245 Mich 88 (62 ALR 1528), we said (p 91):

"It is a rule of safety."

In *Winslow* v. *Veterans of Foreign Wars National Home*, 328 Mich 488, we said (p 493):

"The fixed, unchangeable and mandatory duty of this statute is imposed upon all drivers. The statute is invoked with equal force when a driver runs into an object whether it is moving or at rest and whether he is overtaking the object or the object is approaching toward him."

In *Nevill* v. *Murdey*, 333 Mich 486, we said:

"It is well settled by many decisions of this Court that it is negligence as a matter of law for one to drive an automobile along a public highway in the dark at such speed that it cannot be stopped within the clear distance that objects can be seen ahead of it by the driver."

In the case at bar the following facts are clearly established, the day was clear and sunshiny, the pavement was dry and the time was approximately 10 a.m. It also appears that when the Pontiac turned to pass the Alexander car defendant Strand was 20 feet behind the Pontiac car.

Under the circumstances of this case defendants were guilty of negligence as a matter of law. It follows that the judgment is reversed and a new trial granted, with costs to plaintiffs.

BUTZEL, C. J., and CARR, BUSHNELL, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.