LAUR *v* McCAUL

1. AUTOMOBILES—EVIDENCE—PLAINTIFF'S DRIVING RECORD—ADMISSIBILITY.

Refusal to permit cross-examination of plaintiff driver regarding his prior conviction for leaving the scene of an automobile accident was error because a trial judge has no discretion under court rule to exclude cross-examination regarding either party's driving history; such cross-examination is properly used to test the credibility of a driver's testimony with regard to the central fact issue in the case (GCR 1963, 607).

2. AUTOMOBILES—WORKMEN'S COMPENSATION CLAIM—ADMISSIBILITY.

Refusal to permit defendant driver to introduce evidence and testimony concerning the plaintiff's workmen's compensation claim against his former employer and the redemption of that claim was not error where defendant was permitted to introduce evidence of plaintiff's injury by expert medical testimony.

3. AUTOMOBILES—SUDDEN EMERGENCY—ASSURED CLEAR DISTANCE.

Refusal to apply the "sudden emergency" doctrine to the "assured clear distance statute" was error where defendant driver claimed that she had been following the plaintiff for some distance, that she observed him in the process of making a left turn, that she was about to pass him on the right side when plaintiff suddenly turned back into the right lane, and that plaintiff's sudden action of turning back into the right lane created an emergency and the trial judge had instructed on sudden emergency as applied to the "following too closely" and the "rear-end collision" statutes (MCLA 257.402, 257.627 [a], 257.643[a]).

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Highway Traffic § 944.
29 Am Jur 2d, Evidence § 334.
Conviction or acquittal as evidence of the facts on which it was based in civil action.   18 ALR2d 1287.
[2] 58 Am Jur, Workmen's Compensation § 496.
[3] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 721, 770–772, 776.

Appeal from Kent, George V. Boucher, J. Submitted Division 3 February 4, 1972, at Grand Rapids. (Docket No. 11092.) Decided March 23, 1972.

Complaint by Burl D. Laur against Sylvia A. McCaul for damages arising out of a rear-end automobile collision. Judgment for plaintiff. Defendant appeals. Reversed and remanded.

*McDonald, Anderson & Swets,* for plaintiff.

*Hillman, Baxter & Hammond* (by *Joel M. Boyden*), for defendant.

Before: Fitzgerald, P. J., and R. B. Burns and Holbrook, JJ.

R. B. Burns, J. This action arose out of an accident wherein the defendant's automobile struck the plaintiff's automobile in the rear.

Plaintiff claimed he was in the process of making a left turn when he looked in his side view mirror and observed an automobile approaching from the rear in the left lane preparing to pass him; that he turned back into the right-hand lane and was then struck by the defendant.

Defendant claimed she had been following the plaintiff for some distance and observed him in the process of making a left turn. Defendant also claimed that she was about to pass the plaintiff on the right when he suddenly turned back into the right lane. Defendant claimed she was not negligent and that the sudden action of the plaintiff created a sudden emergency.

The jury returned a verdict for the plaintiff.

Defendant claims the trial court erred on three grounds.

1. The trial court refused to permit defendant to cross-examine the plaintiff concerning a prior conviction for leaving the scene of an accident.

2. The trial court refused to permit defendant to introduce evidence concerning plaintiff's workmen's compensation claim against his prior employer and the redemption of the claim.

3. The trial judge refused to instruct the jury that a "sudden emergency" may justify a violation of the "assured clear distance" statute.

(1) This case must be reversed, but, in all fairness to the trial judge, it should be observed that at the time of trial the question of permitting counsel to cross-examine a witness concerning prior misdemeanor convictions had been held to be a discretionary matter for the trial judge. *Van Goosen* v *Barlum,* 214 Mich 595 (1921); *Zimmerman* v *Goldberg,* 277 Mich 134 (1936); *Socony Vacuum Oil Co* v *Marvin,* 313 Mich 528 (1946); *Cebulak* v *Lewis,* 320 Mich 710 (1948).

This Court in *Taylor* v *Walter,* 15 Mich App 361 (1968) held that cross-examination of a witness concerning a misdemeanor was a matter of discretion for the trial judge. However, in *Sting* v *Davis,* 384 Mich 608, 614 (1971), the Supreme Court stated:

"We conclude that under GCR 1963, 607, as presently adopted by this Court, a trial judge has no discretion to exclude cross-examination with regard to the driving history of a plaintiff driver or of a defendant driver, such cross-examination being proper to test the credibility of the witness's testimony with regard to the central fact issue in the case." See, also, *Taylor* v *Walter,* 385 Mich 599 (*on rehearing,* 1971).

It was error for the trial judge to deny the defendant the right to cross-examine the plaintiff concerning his driving convictions.

(2) The trial judge did not commit error by refusing to permit the defendant to introduce evidence and testimony concerning the plaintiff's workmen's compensation claim against his former employer and the redemption of the claim. *Hill* v *Harbor Steel & Supply Corp,* 374 Mich 194 (1965). The defendant was permitted to introduce evidence of such injury by expert medical testimony.

(3) The trial judge gave instructions as to a "sudden emergency" as the theory applied to the statutes "following too closely"[1] and "rear-end collision",[2] but refused to apply the "sudden emergency" doctrine to the "assured clear distance"[3] statute. In our opinion, under the facts of this case, as the instruction was applicable to "following too closely" and "rear-end collision", the trial judge should also have given the "sudden emergency" instruction as it applied to the "assured clear distance". *McKinney* v *Anderson,* 373 Mich 414 (1964).

Reversed and remanded for a new trial. Costs to defendant.

All concurred.

---

[1] MCLA 257.643(a); MSA 9.2343(a).
[2] MCLA 257.402; MSA 9.2102.
[3] MCLA 257.627(a); MSA 9.2327(a).