McKINSTRIE v HENRY FORD HOSPITAL

1. STATUTES—BLOOD BANKING AND TRANSFUSION ACT—DELEGATION OF LEGISLATIVE POWER—CONSTITUTIONAL LAW.

The blood banking and transfusion act does not involve an unconstitutional delegation of legislative power because there is no delegation of power in the statute (Const 1963, art 3, § 2, art 4, § 1; MCLA 691.1511).

2. STATUTES—BLOOD BANKING AND TRANSFUSION ACT—CONSTITUTIONAL LAW.

The blood banking and transfusion act is constitutional (MCLA 691.1511).

3. APPEAL AND ERROR—ISSUES—STATEMENT OF POSITION—SUFFICIENCY.

A statement of position alone, without argument or citation of authority, is insufficient to bring an issue before the Court of Appeals.

Appeal from Wayne, James Montante, J. Submitted Division 1 June 12, 1974, at Detroit. (Docket No. 17974.) Decided September 25, 1974. Leave to appeal denied, 393 Mich —.

Complaint by Betty McKinstrie and Malcolm McKinstrie against Henry Ford Hospital and Midwest Blood Service, Inc., for damages resulting from serum hepatitis allegedly contracted from a blood transfusion. Plaintiffs' motion to have the blood banking and transfusion act declared unconstitutional denied. Plaintiffs appeal on leave granted. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur 2d, Constitutional Law §§ 211, 240–244.
[2] 16 Am Jur 2d, Constitutional Law §§ 179, 180.
[3] No Reference.

*Charfoos & Charfoos, P. C.,* for plaintiffs.

*Kitch, Suhrheinrich & Getto, P. C.* (by *Gregory G. Drutchas),* for defendant Henry Ford Hospital.

*Richard H. Scholl,* for defendant Midwest Blood Services, Inc.

*Amicus Curiae: Dingell, Hylton & Zemmol,* for American National Red Cross.

Before: J. H. GILLIS, P. J., and ALLEN and EL-LIOTT,* JJ.

J. H. GILLIS, P. J. On November 11, 1970, plaintiff Betty McKinstrie was operated on at Henry Ford Hospital. During the operation she received two units of blood, which was supplied to the hospital by defendant Midwest Blood Service, Inc. Mrs. McKinstrie was released, but readmitted on January 1, 1971 with serum hepatitis. Plaintiffs then brought this action claiming that serum hepatitis is a disease which comes from blood and that the blood transfusion given by defendant hospital was the proximate cause of Mrs. Mc-Kinstrie's illness. Defendants contend that because of the blood banking and transfusion act, MCLA 691.1511; MSA 14.528(1), they are not liable to plaintiffs absent a showing of negligence. This act provides:

"The procurement, processing, storage, distribution or use of whole blood, plasma, blood products, and blood derivatives, for the purpose of injecting or transfusing them, or any of them, into the human body for any purposes whatsoever where there is no medical test to determine the fitness of such whole blood, plasma, blood products, or blood derivatives, is the rendering of a

* Circuit judge, sitting on the Court of Appeals by assignment.

service and does not constitute a sale by any person participating therein, whether or not any remuneration is paid therefor."[1]

The effect of this statute is to make what would otherwise be a sale—and, therefore, subject to the implied warranty provisions of the Uniform Commercial Code[2]—a service, and, therefore, exempt from those provisions. Plaintiffs moved to have this act declared unconstitutional. This Court granted plaintiffs leave to appeal from the trial court's order denying the motion.

First, plaintiffs contend that the blood banking and transfusion act is an unconstitutional delegation of legislative power. Const 1963, art 3, § 2; art 4, § 1. They argue that the language delegates to unknown persons the power to determine whether or not there exists a "medical test to determine the fitness" of blood. We think this position is without merit.

There is no delegation of power in this statute. It simply provides that if "there is no medical test to determine the fitness of * * * blood", the transfusion of that blood will be considered a service, not a sale. We recognize that in a suit such as this, the fact finder must take the facts, apply them to the statute and decide whether such a test of

---

[1] This statute was amended in 1973 and now provides:

"The procurement, processing, distribution, or use of whole blood, plasma, blood products, blood derivatives, and other human or artificial tissues such as corneas, bones, or organs for the purpose of injecting, transfusing, or transplanting any of them into the human body, is declared to be, for all purposes, the rendition of a service by every person, firm, or corporation participating therein and, whether or not any remuneration is paid therefor, is declared not to be a sale of whole blood, plasma, blood products, blood derivatives, or other tissues, for any purpose. A warranty, express, implied, or otherwise, shall not attach to the activity, transaction, or occurrence. A person, firm, or corporation involved in the rendition of any such service shall not be liable as a result of any such activity, transaction, or occurrence, except for his or its own negligence or wilful misconduct."

[2] MCLA 440.1101 et seq.; MSA 19.1101 et seq.

"fitness" exists. But is this a delegation of legislative power to the fact finder? We think not. In every suit, criminal or civil, which involves a statute, the fact finder is called upon to apply the facts to the statute and determine whether or not the statute has been violated—or in a case like this, determine the applicability of the statute. And, while the court may have to interpret what the Legislature meant by "fitness", and, in a jury case instruct the jury as to its interpretation, this is simply a matter of statutory construction, not of delegation of such power. See, *Lewis v Yund,* 339 Mich 441; 64 NW2d 696 (1954); *Hackley Union National Bank & Trust Co v Warren Radio Co,* 5 Mich App 64; 145 NW2d 831 (1966).

Secondly, plaintiffs contend the act is unconstitutionally vague; however, they cite no authority or offer no argument in support of this position. A statement of position alone is insufficient to bring an issue before this Court.

"It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position. The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow." *Mitcham v Detroit,* 355 Mich 182, 203; 94 NW2d 388, 399 (1959); see *Kucken v Hygrade Food Products Corp,* 51 Mich App 471; 215 NW2d 772 (1974).

The blood banking and transfusion act is not unconstitutional.[3] We affirm the order of the trial court. Costs to appellees.

All concurred.

---

[3] Because of our disposition of the matter, we do not reach plaintiffs' other allegations.