PEOPLE v SANDS
PEOPLE v JENKINS

Docket Nos. 243339, 243409. Submitted February 11, 2004, at Detroit. Decided March 9, 2004, at 9:15 A.M. Leave to appeal sought.

Gregory L. Sands was convicted following a bench trial in the Wayne Circuit Court, Daniel P. Ryan, J., of first-degree home invasion, MCL 750.110a(2), and the underlying misdemeanor offense of assault and battery, MCL 750.81, committed during the home invasion. The defendant appealed, alleging that the home invasion statute is unconstitutionally vague. (Docket No. 243339).

Deshawn L. Jenkins was convicted following a bench trial in the Wayne Circuit Court, Daniel P. Ryan, J., of first-degree home invasion and the underlying misdemeanor offense of aggravated assault, MCL 750.81a, committed during the home invasion. The defendant appealed, alleging that the home invasion statute is unconstitutionally vague. (Docket No. 243409). The appeals were consolidated.

The Court of Appeals *held*:

1. MCL 750.110a(2) clearly indicates that assault is an underlying crime that elevates a home invasion to first-degree home invasion. Subsection 110a(2) does not limit the term "assault" to any particular type of assault. Both misdemeanor and felony assaults may properly be charged as crimes underlying first-degree home invasion.

2. MCL 750.110a clearly differentiates when it is appropriate to charge a misdemeanor assault as the underlying charge for a charge of first-degree home invasion and when such charge properly serves as the underlying charge for a charge of third-degree home invasion. Subsections 110a(2) and 110a(4) are distinct in the conduct proscribed. The statute is not unconstitutionally vague.

Affirmed.

CRIMINAL LAW — HOME INVASION — ASSAULTS.

An assault, either a misdemeanor assault or a felony assault, may serve as an underlying crime to elevate a home invasion to

first-degree home invasion; a misdemeanor assault may be prosecuted as the underlying offense for a charge of first-degree home invasion only if the defendant was armed with a dangerous weapon or another person is lawfully present in the dwelling; a misdemeanor assault may be prosecuted as the underlying offense for a charge of third-degree home invasion where the defendant was not armed with a dangerous weapon or another person was not lawfully present in the dwelling (MCL 750.110a[2], [4]).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Michael E. Duggan*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Mary DuFour Morrow*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Rubina S. Mustafa*) for the defendants.

Before: NEFF, P.J., and WILDER and KELLY, JJ.

NEFF, P.J. In these consolidated appeals, both defendants appeal as of right their bench trial convictions of first-degree home invasion, MCL 750.110a, and their underlying assault convictions. Defendants argue that the home invasion statute is unconstitutionally vague. We find no constitutional infirmity and therefore affirm each defendant's convictions.

I

In Docket No. 243339, defendant Sands appeals his convictions of first-degree home invasion and assault and battery, MCL 750.81. He was sentenced, as a fourth-offense habitual offender, MCL 769.12, to thirty months' to twenty years' imprisonment for the home invasion conviction and ninety days for the assault and battery conviction. In Docket No. 243409, defendant Jenkins appeals his convictions of first-degree home

invasion and aggravated assault, MCL 750.81a. He was sentenced as a third-offense habitual offender, MCL 769.11, to fifty-one months' to twenty years' imprisonment for the home invasion conviction and six months to one year for the aggravated assault conviction.

## II

Defendants present substantially identical arguments on appeal. They argue that the home invasion statute, MCL 750.110a, under which they were convicted of first-degree home invasion, is unconstitutionally vague. We disagree.

### A

Defendants failed to preserve this issue for appellate review by failing to challenge the constitutionality of the statute below. *People v Jensen*, 222 Mich App 575, 579; 564 NW2d 192 (1997), vacated in part on other grounds 456 Mich 935 (1998). Generally, an issue is unpreserved if it is not properly raised before the trial court. *People v Grant*, 445 Mich 535, 546-547; 520 NW2d 123 (1994). Unpreserved constitutional issues are reviewed for plain error that affected a defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764, 774; 597 NW2d 130 (1999).

### B

Statutes are presumed to be constitutional unless their unconstitutionality is readily apparent. *People v Wilson*, 230 Mich App 590, 593-594; 585 NW2d 24 (1998). A party challenging the constitutionality of a statute has the burden of proving its unconstitutionality. *People v Abraham*, 256 Mich App 265, 280; 662 NW2d 836 (2003). A party challenging the facial validity

of a statute must show that no circumstances exist under which it would be valid. *Id.* A vagueness challenge must be considered in light of the facts at issue. *Wilson, supra* at 593.

A penal statute may be unconstitutionally vague if it (1) fails to provide fair notice of the conduct proscribed, (2) permits arbitrary and discriminatory enforcement, or (3) is overbroad and impinges on First Amendment freedoms. *People v Boomer,* 250 Mich App 534, 539; 655 NW2d 255 (2002); *People v Noble,* 238 Mich App 647, 651; 608 NW2d 123 (1999). Defendants challenge the constitutionality of MCL 750.110a, the statute defining home invasion and its degrees, under the first and second grounds.

"When presented with a vagueness challenge, we examine the entire text of the statute and give the words of the statute their ordinary meanings." *People v Morey,* 230 Mich App 152, 163; 583 NW2d 907 (1998), aff'd 461 Mich 325; 603 NW2d 250 (1999). To afford proper notice of the conduct proscribed, a statute must give a person of ordinary intelligence a reasonable opportunity to know what is prohibited. *Noble, supra* at 652. A statute cannot use terms that require persons of ordinary intelligence to speculate regarding its meaning and differ about its application. *Id.* For a statute to be sufficiently definite, its meaning must be fairly ascertainable by reference to judicial interpretations, the common law, dictionaries, treatises, or the commonly accepted meanings of words. *Id.*

C

Defendants argue that the home invasion statute fails to clearly define what conduct will elevate an offense from third-degree home invasion to first-degree home invasion. The statute provides in relevant part:

(2) A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault, is guilty of home invasion in the first degree *if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:*

(a) The person is armed with a dangerous weapon.

(b) Another person is lawfully present in the dwelling.

\* \* \*

(4) A person is guilty of home invasion in the third degree if the person does either of the following:

(a) Breaks and enters a dwelling with intent to commit a misdemeanor in the dwelling, enters a dwelling without permission with intent to commit a misdemeanor in the dwelling, or breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a misdemeanor. [MCL 750.110a (emphasis added).]

Defendants contend that when the criminal act underlying home invasion is a misdemeanor assault, as in these cases, the statute is ambiguous regarding whether the offense is punishable as a third-degree offense, MCL 750.110a(4)(a), or a first-degree offense, MCL 750.110a(2). Accordingly, because their conduct only rose to the level of a misdemeanor offense, defendants arguably should only be charged with third-degree home invasion, subsection 110a(4)(a).

Defendants argue that the statute is facially void for vagueness. Further, because defendants could be charged under either provision, the statute leads to

arbitrary and discriminatory enforcement as applied. We conclude the statute is neither vague on its face nor as applied.

We find defendants' argument defeated by the plain language of the statute. The plain language of the statute clearly indicates that assault is an underlying crime that elevates a home invasion to first-degree home invasion under MCL 750.110a(2). Subsection 110a(2) does not limit the term "assault" to any particular type of assault. Therefore, under MCL 750.110a(2), both misdemeanor and felony assaults may properly be charged as crimes underlying first-degree home invasion. Further, because felonies are specifically listed as underlying crimes for first-degree home invasion, it would be redundant to list assault and larceny separately if subsection 110a(2) was referring to only felony assaults and larcenies. It is clear that "assault" under MCL 750.110a(2) refers to both misdemeanors and felonies.

MCL 750.110a clearly differentiates when it is appropriate to charge a misdemeanor assault under subsection 110a(2) as opposed to subsection 110a(4). Under subsection 110a(2), the additional element of a dangerous weapon or another person's lawful presence is required for a criminal act to constitute first-degree home invasion. A misdemeanor assault may be prosecuted under subsection 110a(2) *only* if the person is armed with a dangerous weapon or another person is lawfully present in the dwelling. MCL 750.110a(2)(a) and (b). Under subsection 110a(4), a misdemeanor assault may be prosecuted in the absence of either of these elements.

The two subsections, MCL 750.110a(2) and MCL 750.110a(4), are distinct in the conduct proscribed, giving a person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited under

each subsection. *Noble, supra* at 652. The statute provides fair notice of the conduct proscribed under each subsection. Because each subsection is enforceable under different circumstances with respect to the two additional elements under MCL 750.110a(2)(a) and (b), the statute does not encourage arbitrary or discriminatory enforcement. *Boomer, supra* at 539. Defendants have failed to carry their burden of proving that the statute is unconstitutional. *Abraham, supra* at 280.

Affirmed.