PEOPLE v HRLIC

Docket No. 278053. Submitted November 6, 2007, at Lansing. Decided
November 29, 2007, at 9:00 a.m.

Lindsay Hrlic brought a motion in the 76th District Court seeking, with
regard to a charge of operating a motor vehicle while intoxicated, to
suppress the evidence obtained when a police officer conducted a
traffic stop of her vehicle. The officer had made the stop after
observing the vehicle change lanes without the use of a turn signal.
The defendant argued that MCL 257.648 does not require a driver to
use a turn signal when changing lanes and, therefore, that the traffic
stop was invalid. The court, William R. Rush, J., disagreed and denied
the motion. The defendant appealed the denial of her motion in the
Isabella Circuit Court, arguing that the statute is unconstitutionally
vague. The court, Paul H. Chamberlain, J., agreed and reversed the
district court's order denying the motion to suppress. The prosecu-
tion appealed by leave granted.

The Court of Appeals *held*:

MCL 257.648 requires drivers to use a turn signal when changing
lanes on a highway. The statute is not unconstitutionally vague. The
phrase "turning from a direct line" in the section of the statute
providing that a vehicle, before turning from a direct line, shall give
a signal means to rotate one's vehicle to the extent that one leaves the
line of automobiles in which one is traveling. Movement on a
multilane highway from one lane to another constitutes leaving the
line of automobiles in which one is traveling.

Reversed and remanded.

MOTOR VEHICLES — TURN SIGNALS — LANE CHANGES.

Drivers must use a turn signal when changing lanes on a highway;
changing lanes constitutes turning from a direct line for purposes
of the statute that requires a driver to give a signal before turning
from a direct line (MCL 257.648).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*,
Solicitor General, *Larry J. Burdick*, Prosecuting Attor-
ney, and *Christine E. Hickman*, Assistant Prosecuting
Attorney, for the people.

*Joseph T. Barberi, P.C.* (by *Geoffrey K. Rettig*), for the defendant.

Before: TALBOT, P.J., and FITZGERALD and KELLY, JJ.

PER CURIAM. The prosecution appeals by leave granted from the circuit court's order reversing the district court's order denying defendant's motion to suppress evidence. We reverse and remand for further proceedings.

### I. BASIC FACTS AND PROCEEDINGS

At approximately 3:50 a.m., a police officer from Central Michigan University observed defendant's vehicle approach a street from a parking lot in Mt. Pleasant. The officer saw the driver use the turn signal and turn left onto the street. The officer continued to watch defendant's vehicle, and when he saw defendant change lanes without using a turn signal, he conducted a traffic stop. The officer discovered that defendant was intoxicated, and she was charged with operating a vehicle while intoxicated, MCL 257.625.

Defendant moved in the district court to suppress the evidence obtained pursuant to the traffic stop, arguing that MCL 257.648 does not require a driver to use a turn signal when changing lanes and that the traffic stop was therefore invalid. The district court denied the motion, stating:

> I—I can certainly see how you can argue that that doesn't mean a lane change. But if it doesn't mean a lane change, what does it mean? The statute has to have some under— some meaning to it. It's got to have some—there's something the Legislature was attempting to control when it did this.

* * *

> With—with all due respect to the Defense, I'm—I'm
> going to find that the Officer made an appropriate stop
> based upon this statute, which I interpret it to mean that
> you have to signal before you make a turn from one lane to
> another.
>
> So I'm going to respectively deny the Motion[.]

Defendant appealed this decision to the circuit court,
arguing that MCL 257.648 is unconstitutionally vague.
The circuit court agreed and reversed the district
court's order denying the motion, stating:

> Because the phrase "turning from a direct line" does not
> notify a driver whether one should signal before turning
> from a lane, a roadway, or both, the statute is unconstitu-
> tionally vague. . . . The vague nature of the statute forces a
> person to speculate its meaning; so it could not notify
> defendant that changing lanes without signaling is prohib-
> ited conduct. Thus, the traffic stop, based on the infraction
> of failing to signal a lane change, was an unreasonable
> seizure and all evidence obtained as a result must be
> suppressed.

## II. ANALYSIS

The prosecution argues that the circuit court erred in
concluding that MCL 257.648 is unconstitutionally
vague. We agree. We review de novo constitutional
challenges, *People v McCuller*, 479 Mich 672, 681; 739
NW2d 563 (2007), and questions of statutory interpre-
tation, *People v Anstey*, 476 Mich 436, 442; 719 NW2d
579 (2006). "Statutes are presumed to be constitutional,
and a statute is to be construed in a constitutional
manner unless the unconstitutionality of the statute is
facially obvious." *People v Osantowski*, 274 Mich App
593, 601; 736 NW2d 289 (2007); *People v Hill*, 269 Mich
App 505, 524; 715 NW2d 301 (2006). A trial court's
findings of fact on a motion to suppress are reviewed for

clear error, while the ultimate decision on the motion is reviewed de novo. *People v Williams*, 472 Mich 308, 313; 696 NW2d 636 (2005).

A statute may be unconstitutionally vague on any of three grounds: (1) it is overbroad, impinging on First Amendment freedoms, (2) it fails to provide fair notice of the conduct proscribed, or (3) it is so indefinite that it confers unlimited and unstructured discretion on the trier of fact to determine whether an offense has occurred. *Hill, supra* at 524; *People v Sands*, 261 Mich App 158, 161; 680 NW2d 500 (2004). To evaluate a vagueness challenge, this Court must examine the entire text of the statute and give the words of the statute their ordinary meanings. *Hill, supra* at 524; *Sands, supra* at 161. "To afford proper notice of the conduct proscribed, a statute must give a person of ordinary intelligence a reasonable opportunity to know what is prohibited." *Id.* A term that requires persons of ordinary intelligence to speculate about its meaning and differ on its application may not be used. *Id.* To be sufficiently definite, the meaning of a term must be "fairly ascertainable by reference to judicial interpretations, the common law, dictionaries, treatises, or the commonly accepted meanings of words." *Id.* at 161; *Hill, supra* at 524. Vagueness challenges must be considered in light of the facts at issue. *Sands, supra* at 161.

Defendant claims that MCL 257.648 fails to provide fair notice of the conduct proscribed, in that it is not clear whether a driver is required to use a turn signal when changing lanes. MCL 257.648 provides, in pertinent part:

(1) The driver of a vehicle or bicycle upon a highway, before stopping or *turning from a direct line*, shall first see

that the stopping or turning can be made in safety and shall give a signal as required in this section.

(2) A signal required in this section shall be given either by means of the hand and arm in the manner specified in this section, or by a mechanical or electrical signal device which conveys an intelligible signal or warning to other highway traffic, except as otherwise provided in subsection (3). When a signal is given by means of the hand and arm, the driver shall indicate his or her intention to stop or turn by extending his hand and arm from and beyond the left side of the vehicle and signal as follows:

(a) Left turn . . . hand and arm extended horizontally.

(b) Right turn . . . hand and arm extended upward.

(c) Stop or decrease speed . . . hand and arm extended downward. [Emphasis added.]

Defendant contends that MCL 257.648 only applies to turns onto a different roadway. We disagree. The phrase "turning from a direct line" is not defined in the text of the statute, nor are the individual terms that comprise the phrase. We therefore construe them according to their ordinary meaning. *Hill, supra* at 524; *Sands, supra* at 161. *The American Heritage Dictionary* (1985) defines the term "turn," in part, as "[t]o cause to move around a central or focal point; rotate or revolve" or "[t]o change the direction or course of[.]" While rotating a vehicle may result in moving the vehicle from a roadway (as in a left turn onto a different roadway), there is nothing in this definition that limits a vehicle "turn" to such a movement. Indeed, a partial rotation would constitute movement around "a central or focal point," and it would constitute a change in direction or course. The fact that a rotation can be terminated and followed by another movement—for example, straightening out the vehicle once a given point is reached—does not mean that the movement was not a turn.

Further, it is commonly understood that a driver must "change the direction or course" to achieve a lane change, and our courts have often used the term "turn" to describe a lane change. In *Lewis v Yund*, 339 Mich 441, 443-444; 64 NW2d 696 (1954), our Supreme Court repeatedly referred to changing lanes as turning in the following passage:

> He continued traveling at the same rate of speed until he was about 200 feet from the car when a Pontiac car traveling in the same direction passed defendant's truck and *turned back in the right lane of traffic*. The operator of the Pontiac car suddenly *turned to the left and went around the Alexander car*. . . . Defendant first noticed that the Alexander car was not moving when the Pontiac car *turned to the left and went around the Alexander car*. . . .
>
> Defendant Strand testified that he was about 100 feet behind the Alexander car when the Pontiac car *turned to the left in passing the Alexander car*, and at this time he noticed that the Alexander car was not moving. Defendant Strand also testified that he was 20 feet behind the Pontiac car when it *turned to the left to pass the Alexander car*. [Emphasis added.]

In *Laur v McCaul*, 39 Mich App 346, 347; 197 NW2d 481 (1972), this Court similarly described a car changing lanes, stating:

> Plaintiff claimed he was in the process of making a left turn when he looked in his side view mirror and observed an automobile approaching from the rear in the left lane preparing to pass him; that *he turned back into the right-hand lane* and was then struck by the defendant. [Emphasis added.]

In *White v Dirks*, 380 Mich 1, 4-5; 155 NW2d 165 (1968), our Supreme Court described a driver changing lanes as having "made the *turn* into the inner lane," having "*turned* from the outer lane to the inner lane," and having "*turned* into the same lane he was driving in[.]" (Emphasis added.)

*The American Heritage Dictionary* (1985) defines "direct" in part as "[p]roceeding or lying in a straight course or line." "Line" is defined in part as "a course of progress or movement; route[.]" *Id.* Notably, the definition of the term "lane" includes the term "line" as follows: "[a] narrow passage, course, or track, as: ... [a] strip delineated on a street or highway to accommodate a single *line* of automobiles." (Emphasis added.) The direct line in issue is that established by the individual lanes that make up a multilane roadway. Movement between those lanes constitutes a change in the direction or course in that the turn from one lane to another deviates from the defined route of the individual lanes. Thus, the ordinary meaning of the phrase "turning from a direct line" means to rotate one's vehicle to the extent that one leaves the line of automobiles in which one is traveling.

"Words should be given their common, generally accepted meaning, if consistent with the legislative aim in enacting the statute." *People v Spann*, 250 Mich App 527, 530; 655 NW2d 251 (2002). MCL 257.648(1) states that, "before stopping or turning from a direct line, [the driver] shall first see that the stopping or turning can be made in safety and shall give a signal as required[.]" Therefore, the purpose of the statute is to provide notice of movements along the route that could affect other motorists. We see no reason to make a distinction between movement off the roadway and movement between lanes when the legislative aim is the same for both situations. Accordingly, a reasonable person of ordinary intelligence is not required to speculate about the phrase's meaning, and MCL 257.648 provides fair notice of what conduct is proscribed. We hold that MCL 257.648 requires drivers to use a turn signal when changing lanes on a highway and is not unconstitutionally vague.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.