# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JACKIE ROBINSON HARRIS,

        Defendant-Appellant.

UNPUBLISHED
June 11, 2015

No. 321092
Oakland Circuit Court
LC No. 2013-245372-FH

Before: SAAD, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Defendant, Jackie Robinson Harris, appeals by right his jury convictions of recruiting, harboring, or transporting a minor with knowledge that the minor will be used for child sexually abusive activity, MCL 750.462g,[1] and transporting a person for purpose of prostitution, MCL 750.459. The trial court sentenced Harris as a fourth habitual offender, MCL 769.13, to serve 25 to 80 years in prison for each conviction. Because we conclude there were no errors warranting relief, we affirm.

Harris first contends that the former MCL 750.462g was unconstitutionally vague. Because Harris did not raise this claim of error before the trial court, our review is for plain error. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). This Court reviews de novo the proper interpretation of a statute. *People v Anstey*, 476 Mich 436, 442; 719 NW2d 579 (2006). "Statutes are presumed to be constitutional, and a statute is to be construed in a constitutional manner unless the unconstitutionality of the statute is facially obvious." *People v Hrlic*, 277 Mich App 260, 262; 744 NW2d 221 (2007) (quotation marks and citation omitted).

---

[1] The Legislature revised the statutes criminalizing human trafficking in 2014. See 2014 PA 329. As part of the revision, the Legislature eliminated the prohibition stated under MCL 750.462g, but enacted a substantially similar prohibition under MCL 750.462e(a) (prohibiting a person from recruiting, enticing, harboring, transporting, or obtaining a minor for commercial sexual activity).

A statute may be so vague that it is unconstitutional; a statute is impermissibly vague if it is "overbroad, impinging on First Amendment freedoms," if it "fails to provide fair notice of the conduct proscribed," or it is "so indefinite that it confers unlimited and unstructured discretion on the trier of fact to determine whether an offense has occurred." *Id.* at 263. At the time of the offenses at issue, MCL 750.462g provided:

> A person shall not knowingly recruit, entice, harbor, transport, provide, or obtain by any means, or attempt to recruit, entice, harbor, provide, or obtain by any means, a minor knowing that the minor will be used for child sexually abusive activity. A person who violates this section is guilty of a felony punishable by imprisonment for not more than 20 years.

"Child sexually abusive activity" was defined as "a child engaging in a listed sexual act." MCL 750.145c(1)(n). Listed sexual acts included "sexual intercourse, erotic fondling, sadomasochistic abuse, masturbation, passive sexual involvement, sexual excitement, or erotic nudity." MCL 750.145c(1)(i). Each subpart of "sexual acts" was also defined. The one most relevant sexual act is the definition of sexual intercourse, which means "intercourse, real or simulated, whether genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex or between a human and an animal, or with an artificial genital." MCL 750c(1)(r).

These provisions are sufficient to place an ordinary person on notice of the proscribed conduct. *People v Lino*, 447 Mich 567, 575; 527 NW2d 434 (1994) (stating that a penal statute must define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited). Moreover, the overbroad aspect of the test applies only to First Amendment freedoms. *Hrlic*, 277 Mich App at 263. When a statute does not implicate the First Amendment, its constitutionality "must be examined in light of the particular facts at hand without concern for the hypothetical rights of others." *People v Vronko*, 228 Mich App 649, 652; 579 NW2d 138 (1998).

MCL 750.145c stated the relevant definitions applicable to the former MCL 750.462g and specifically provided that "child" meant any person "who is less than 18 years of age." MCL 750.145c(1)(c). A.W.'s mother testified that A.W. was 16 years old when she was with Harris. As such, A.W. was a "child" within the meaning of MCL 750.145c(1)(c), and any sexually abusive activity that the jury found Harris forced her to engage in would fall within the parameters of MCL 750.462g. For example, MCL 750.462g specifically provided that "[a] person shall not knowingly recruit, entice" a child to engage in "sexual intercourse," which includes "oral-genital" sex. MCL 750.145c(1)(r). Testimony at trial revealed that Harris ordered A.W. to engage in oral sex with a woman named Brandy. When A.W. refused, Harris choked her until she performed the sexual act. He later asked A.W. to again perform oral sex on Brandy, and she complied. Similarly, there was evidence that Harris transported A.W. to locations for the purpose of engaging in prostitution. Harris' acts plainly fell within the parameters of what an ordinary person would understand to be the conduct proscribed under MCL 750.462g. *Lino*, 447 Mich at 575. And the statute does not confer unlimited and unstructured discretion on the jury to decide whether an offense has occurred. *Hrlic*, 277 Mich App at 263. Consequently, it is not unconstitutionally vague.

Although his argument is not entirely clear, Harris appears to be arguing that the statute is unconstitutional because it criminalizes his involvement in the performance of sex acts by a person who could legally perform the sex acts:

> The acts performed between two women—each over the age of consent— would not, in modern society, bring the power of the State to prosecution. However, if one of the women, such as [A.W.], were under 18 years of age, *but over* 16 years of age, a prosecution *could* be entertained, were the prosecuting authority so inclined, through whatever arbitrary method of exercising discretion the prosecuting authority wished to utilize, give[n] the language of the statutes.

This argument is, in effect, an argument that the Legislature's decision to criminalize the conduct proscribed under former MCL 750.462g amounted to a poor policy, especially when considered in light of the other statutes criminalizing criminal sexual conduct. But such considerations play no role in determining whether the statute itself passes constitutional muster. See *People v Schaefer*, 473 Mich 418, 432; 703 NW2d 774 (2005).

Harris failed to establish that the statute at issue was unconstitutional.

Next, Harris contends the trial court did not properly instruct the jury. After the trial court instructed the jury, Harris' trial lawyer agreed that he had no objections to the instructions. In *People v Kowalski*, 489 Mich 488, 504; 803 NW2d 200 (2011), the Supreme Court stated that "by expressly and repeatedly approving the jury instructions on the record, defendant waived any objection to the erroneous instructions, and there is no error to review." By agreeing to the instructions, both off the record and on the record, Harris' lawyer waived any error. *Id.*

Harris also claims that his trial lawyer's failure to contest the instructions amounted to ineffective assistance of counsel. Because the trial court did not hold an evidentiary hearing on this issue, our review is limited to mistakes that are apparent on the record alone. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012).

At trial, there was evidence that Harris transported several persons to places for the purpose of engaging in prostitution. Christina testified that she, A.W., and Brandy all served as prostitutes for Harris. Christina specifically stated that if a customer "wanted to see us at their home" Harris would drive them to the home. A.W. testified that a woman known as Melissa and another woman known as Chrissy were both prostitutes for Harris and that she "was in the car" when Harris drove them. Additionally, A.W. knew that Chrissy and Melissa were being transported for purposes of prostitution because they talked about the upcoming prostitution during the car rides. Although A.W. denied that she engage in prostitution for Harris on these trips, Christina testified that A.W. did engage in prostitution for Harris. At trial, the jury was instructed that it was their job to find the facts, which came "down to determining the credibility of the witnesses who took the stand and testified."

Harris contends that the instructions were improper because they allowed the jurors to select the person who each juror believed was transported for the purpose of prostitution and did not specifically require the jury to unanimously agree on which persons were involved in prostitution. In relevant part, the trial court instructed the jury:

-3-

The defendant is charged with the crime of transporting a female for prostitution. To prove this charge the prosecutor must prove each of the following elements beyond a reasonable doubt.

First, that the defendant transported [a] person who was prostituted. That being either Chrissy also known as Christina and/or Brandy and/or Melissa and/or [A.W.]. . . .

Second, that the defendant transported the person who was prostituted. That being either Chrissy also known as Christina and/or Brandy and/or Melissa and/or [A.W.] for the purpose of prostitution.

Third, that the defendant knew that this person who was prostituted was a prostitute when the defendant transported her.

In *People v Gadomski*, 232 Mich App 24, 30; 592 NW2d 75 (1998), this Court stated: "[W]hen the prosecution offers evidence of multiple acts by a defendant, each of which would satisfy the actus reus element of a single charged offense, the trial court is required to instruct the jury that it must unanimously agree on the same specific act if the acts are materially distinct or if there is reason to believe the jurors may be confused or disagree about the factual basis of the defendant's guilt." However, in this case, the acts of transporting women for prostitution are not "materially distinct," because the women were transported together, and there is no "reason to believe the jurors might have been confused on the factual basis" of Harris' guilt. *Id.* Additionally, the jurors heard evidence that all of the women mentioned in the jury instruction were prostitutes for Harris, and that he transported them all for the purposes of prostitution. Under these circumstances, the trial court did not have to provide a specific unanimity instruction. *Id.* at 30-31. Because the instruction was proper, any objection would have been futile and, therefore, does not warrant relief. See *People v Horn*, 279 Mich App 31, 39-40; 755 NW2d 212 (2008).

There were no errors warranting relief.

Affirmed.

/s/ Henry William Saad
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro

-4-