# STATE OF MICHIGAN

# COURT OF APPEALS

JOELLE 98 LLC and JOEL CARS EXHIBITION, INC,

        Plaintiffs-Appellees,

v

STONE CENTRAL LLC and NAJIB ATISHA,

        Defendants-Appellants,

and

WAYNE COUNTY TREASURER AND S & S PROPERTY DEVELOPMENT, INC.

        Defendants.

UNPUBLISHED
November 22, 2016

No. 328339
Wayne Circuit Court
LC No. 13-014109-CK

Before: M. J. KELLY, P.J., and MURRAY and BORRELLO, JJ.

MURRAY, J., (*concurring*).

The majority opinion is correct in both its analysis and conclusion on the two issues raised by appellants. I write separately only to point out that we should affirm on the ground that appellants have not sufficiently argued the issues before this Court.

Every appellate practitioner knows, or should know, that we have said virtually since this Court was established that it is the parties' obligation (and particularly the appellant) to properly raise and brief the issues needing resolution. Indeed, we have said that "[a]n appellant may not merely announce a position then leave it to this Court to discover and rationalize the basis for the appellant's claims; nor may an appellant give an issue only cursory treatment with little or no citation of authority." *Cheesman v Williams*, 311 Mich App 147, 161; 874 NW2d 385 (2015), citing *McIntosh v McIntosh*, 282 Mich App 471, 485; 768 NW2d 325 (2009). See also *McKinstrie v Henry Ford Hospital*, 55 Mich App 659, 662; 223 NW2d 114 (1974) (Recognizing the established rule that an appellant must first prime the appellate pump for an issue to be properly before an appellate court).

Here, appellants have raised two issues, (1) whether the trial court abused its discretion when it granted a motion to add a party during trial, and (2) whether the trial court erred in

piercing the corporate veil of Stone Central LLC. Though raising these two fact intensive issues, appellants nowhere in their 3 and a third page brief state *why* the trial court granted the motion to add a party, thus leaving us to only guess. And without knowing why the trial court ruled the way it did, how can we possibly conclude that an abuse of *discretion* occurred?[1] All we have from appellants are several unexplained assertions (they suffered prejudice, it was late, or they did not get any discovery), yet there is no explanation of *how* they were prejudiced, *what* discovery they would have sought, or *how* this decision otherwise impacted anything at the trial. Thus, I would affirm on this issue for the simple reason that appellants' abandoned the issue.

The same unfortunately holds true for the corporate veil issue. Though appellants recognize the multi-factual considerations relevant to the issue, appellants merely argue that there was nothing in the record to support this equitable remedy.[2] But as the majority opinion and appellees' brief do show, there were a multitude of facts that existed that allowed the trial court to do as it did. Appellants have simply ignored those facts, both in their argument and in their one page statement of facts. Again, I would hold that appellants have not adequately briefed this issue, and that it was abandoned. Consequently, I concur in the affirmance of the trial court's judgment.

/s/ Christopher M. Murray

---

[1] Appellants also neglect to recognize any standard of review, let alone that this issue is governed by a highly deferential one.

[2] Appellants actually denote it as a claim, but as the majority makes clear, piercing the corporate veil is a remedy, not a cause of action. *Gallagher v Persha*, __ Mich App __; __ NW2d __ (2016), docket nos. 325471, 327840.