*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JASON M. BRILLA,

        Defendant-Appellant.

UNPUBLISHED
August 15, 2024

No. 366095
Macomb Circuit Court
LC No. 2022-002076-FC

Before: O'BRIEN, P.J., and CAVANAGH and SHAPIRO[*], JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions on the charges of second-degree murder, MCL 750.317, first-degree fleeing and eluding a police officer causing death, MCL 257.602a(5), driving with a suspended license causing death, MCL 257.904(4), and resisting and obstructing a police officer, MCL 750.81d(1). We affirm.

This case arises out a car chase that resulted in the death of defendant's passenger, Jennel Castro. On May 2, 2022, police officers noticed a green Ford Mustang with a cracked windshield and expired license tab. Defendant was identified as the driver of the vehicle. As police officers attempted to stop defendant, he began to accelerate and drove away at speeds above 100 miles per hour. Defendant collided with another vehicle in an intersection and then hit a telephone pole. Castro was seriously injured and later died. Defendant jumped out of the car and began running up the street until he was eventually apprehended by police and taken into custody. A blood test determined that defendant had cocaine in his system at the time of the crash. Defendant was charged with, and convicted of, the four crimes stated above.

On appeal, defendant argues that: the trial court erred when it scored offensive variable (OV) 8 at 15 points; OV 5 should not have been scored because it is unconstitutional; his trial counsel was ineffective for not objecting to the trial court's decision to score OV 3 at 25 points;

---

[*] Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

and there was insufficient evidence to support his second-degree murder conviction. None of these arguments have merit.

## I. OV 8

Defendant first argues that the trial court erred when it assessed 15 points for OV 8 because Castro was not asported to another place of greater danger during the car chase and was not held captive beyond the time necessary for defendant to commit the offense. We disagree.

For issues pertaining to scoring the sentencing guidelines, this Court reviews the trial court's factual findings for clear error and those factual findings must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute . . . is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

Under MCL 777.38(1)(a), OV 8 should be assessed at 15 points if a "victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense." The plain meaning of the term "asportation" is "movement of a victim that is incidental to the commission of a crime[.]" *People v Barrera*, 500 Mich 14, 17; 892 NW2d 789 (2017). "If a victim is carried away or removed to another place of greater danger or to a situation of greater danger . . . the statutory language is satisfied. Nothing in the statute requires that the movement be greater than necessary to commit the sentencing offense[.]" *Id*. at 21. (quotation marks and citation omitted). "Asportation does not require force; asportation for the purpose of OV 8 may occur even when the victim voluntarily accompanied the defendant to a place or situation of greater danger." *People v Dillard*, 303 Mich App 372, 379; 845 NW2d 518 (2013), abrogated on other grounds by *Barrera*, 500 Mich at 17.

In this case, a preponderance of the evidence showed that Castro was asported to a place or situation of greater danger when she was moved from where the car chase began, near 9 Mile Road, to the intersection near 10 Mile Road, at speeds of more than 100 miles per hour. Police officers testified that they attempted to pull defendant over for a traffic stop long before defendant sped through the 10 Mile intersection at such dangerous speeds. By driving away from police, defendant was fleeing and eluding officers. Defendant did not need to keep driving even further away to have committed the crime; he had already committed it by ignoring police and continuing to drive in the first place. He could have stopped driving at any point before crashing, and the crime of fleeing and eluding police would still have been committed. Regardless, as held by the Court in *Barrera*, all that needed to occur for OV 8 to be scored was Castro being asported to a place or situation of greater danger, which is what happened. See *Barrera*, 500 Mich at 17, 21. Defendant asported Castro to a place or situation of greater danger when he drove her through a busy intersection at more than 100 miles per hour, despite the traffic light being red and being chased by police. The trial court watched video of the car chase, heard testimony from both police officers who were involved in the car chase, and heard testimony from the driver who was hit by defendant. The video and all of that testimony made it clear that defendant was driving, with Castro as his passenger, and was fleeing from police officers who were attempting to pull him over for minor violations, asporting Castro to a place or situation of greater danger which ultimately led to her death. The trial court did not err when it assessed 15 points for OV 8.

## II. OV 5

Defendant next argues that MCL 777.35 is unconstitutional because it is vague in that the determination of when to score OV 5 is too subjective. We disagree.

"A claim that the sentencing guidelines range was improperly calculated is preserved by raising the issue at sentencing, in a motion for resentencing, or in a motion to remand." *People v Sours*, 315 Mich App 346, 348; 890 NW2d 401 (2016) (quotation marks and citation omitted). Defendant did not raise this issue at sentencing or in a motion either for resentencing or to remand. Therefore, this issue is unpreserved. Unpreserved claims of constitutional error are reviewed for plain error. *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999). That is, defendant must establish that an error occurred, it was plain, and affected his substantial rights, i.e., he was prejudiced. *Id*. at 763.

"OV 5 is scored when a homicide or homicide-related crime causes psychological injury to a member of a victim's family." *People v Calloway*, 500 Mich 180, 184; 895 NW2d 165 (2017) (footnote omitted). MCL 777.35(1)(a) provides for the scoring of 15 points when a "[s]erious psychological injury requiring professional treatment occurred to a victim's family." MCL 777.35(2) further explains: "Score 15 points if the serious psychological injury to the victim's family may require professional treatment. In making this determination, the fact that treatment has not been sought is not conclusive."

"Statutes are presumed to be constitutional unless their unconstitutionality is readily apparent." *People v Sands*, 261 Mich App 158, 160; 680 NW2d 500 (2004). The party challenging the constitutionality of a statute has the burden of proving it is unconstitutional. *Id*. "A penal statute may be unconstitutionally vague if it (1) fails to provide fair notice of the conduct proscribed, (2) permits arbitrary and discriminatory enforcement, or (3) is overbroad and impinges on First Amendment freedoms." *Id*. at 161.

The question of whether a statute pertaining to offense variables can be challenged for vagueness has been considered by the United States Supreme Court. Sentencing guidelines merely guide a trial court's discretion, therefore, they "are not amenable to a vagueness challenge." *Beckles v United States*, 580 US 256, 265; 137 S Ct 886; 197 L Ed 2d 145 (2017). Sentencing guidelines "do not implicate the twin concerns underlying the vagueness doctrine—proving notice and preventing arbitrary enforcement." *Id*. Under *Beckles*, MCL 777.35 is not a penal statute, but instead one that describes offense variables for sentencing purposes, and it is not subject to a vagueness challenge. In any case, the statute is not void for vagueness.

Defendant argues the statute permits arbitrary application. He contends that judges should not be determining whether a member of a victim's family needs professional medical treatment. He states that the statute allows judges to make subjective determinations about whether a person needs treatment, and that this is unconstitutional because it is too vague. The prosecution argues that trial court judges do not make subjective determinations; rather, they score OV 5 based on the evidence adduced at trial and sentencing. And in this case, Castro's children were having problems dealing with the loss of their mother and had been placed in counseling.

We agree with the prosecution's argument. MCL 777.35 provides definite and readily understood terms as guidance to the trial court in deciding whether to score OV 5. There must be facts supporting the notion that a victim's family member needs professional treatment in order to score OV 5. In this case, the presentence investigation report noted that Castro's children were having trouble handling the death of their mother and were placed in counseling. Specifically, it stated her children were telling outrageous stories and wetting the bed. The trial court correctly utilized this information to conclude that Castro's family members had suffered serious psychological injuries that required professional treatment. Therefore, the trial court did not err in scoring MCL 777.35 and defendant's vagueness challenge fails.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant also argues that his trial counsel was ineffective because his counsel did not object to the scoring of OV 3. Defendant contends that OV 3 should not have been scored because Castro did not suffer life-threatening injuries or permanent injuries—she died. We disagree.

Criminal defendants are entitled to effective assistance of counsel through both the United States and Michigan Constitutions. *People v Yeager*, 511 Mich 478, 488; 999 NW2d 490 (2023), citing Const 1963, art 1, § 20; US Const Am VI; *Strickland v Washington*, 466 US 668, 686; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Defendant did not preserve this claim of ineffective assistance of counsel by raising the issue in either a motion for a new trial or for an evidentiary hearing, *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012), or by raising it in a motion to remand for an evidentiary hearing, *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020). Unpreserved claims of ineffective assistance of counsel are reviewed for "errors apparent on the record." *People v Unger*, 278 Mich App 210, 253; 749 NW2d 272 (2008).

To receive a new trial because of ineffective assistance of counsel, "a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that that outcome would have been different." *Yeager*, 511 Mich at 488 (quotation marks and citation omitted). However, such performance must be evaluated without the benefit of hindsight, *People v LaVearn*, 448 Mich 207, 216; 528 NW2d 721 (1995), and the defendant must overcome a strong presumption that counsel's actions were based on reasonable trial strategy, *People v Cline*, 276 Mich App 634, 637; 741 NW2d 563 (2007). "Trial counsel is not ineffective for failing to advocate a meritless position." *People v Payne*, 285 Mich App 181, 191; 774 NW2d 714 (2009).

OV 3 is scored at 25 points when a victim suffers "life threatening or permanent incapacitating injury." MCL 777.33(1)(c). Under MCL 777.33(2)(b), 100 points should be scored for OV 3 if death results from the commission of a crime as long as homicide is not the sentencing offense.

Here, because second-degree murder was the sentencing offense, it was proper for the trial court not to score 100 points for OV 3. But defendant challenges whether 25 points should have been scored. The Supreme Court analyzed this issue in *People v Houston*, 473 Mich 399, 402; 702 NW2d 530 (2005), and held that it was proper to score 25 points under OV 3 where the victim ultimately died, noting that the injury preceding death may be considered in scoring. *Id*. at 405-407. In that case, the victim was shot, causing a gunshot wound to their head. The *Houston* Court

held that, because the victim's injury was life-threatening, OV 3 was properly scored at 25 points. *Id.* at 407.

In this case, Castro was found at the scene of the crash bloodied and seriously injured. Police officers testified that they found pieces of Castro's anatomy severed and lying in the road next to the vehicle. Testimony also indicated that Castro, who was still alive at that point, had suffered multiple severe lacerations, was unable to speak, and was having difficulty breathing. These injuries were obviously life-threatening, and ultimately caused her death. Applying the Court's holding in *Houston*, the trial court properly assessed 25 points for OV 3. Therefore, trial counsel was not required to object to the scoring of OV 3, i.e., advocate for a meritless position, and defendant's ineffective assistance of counsel claim fails.

## IV. SUFFICIENCY OF THE EVIDENCE

In a Standard 4 brief, defendant argues that there was insufficient evidence to support his second-degree murder conviction because the prosecution failed to show defendant intended to kill Castro. We disagree.

This Court reviews sufficiency-of-the-evidence claims de novo, *People v Anderson*, 331 Mich App 552, 557; 953 NW2d 451 (2020), considering the evidence "in the light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crimes were proven beyond a reasonable doubt," *People v Harrison*, 283 Mich App 374, 377-378; 768 NW2d 98 (2009). "A trier of fact may consider circumstantial evidence and all reasonable inferences the evidence creates." *Anderson*, 331 Mich App at 558. When considering the sufficiency of evidence, "[t]he standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

The elements of second-degree murder are: "(1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse." *People v Roper*, 286 Mich App 77, 84; 777 NW2d 483 (2009), quoting *People v Mayhew*, 236 Mich App 112, 125; 600 NW2d 370 (1999). "Malice is defined as the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and willful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm." *People v Goecke*, 457 Mich 442, 464; 579 NW2d 868 (1998). Malice may be "inferred from evidence that the defendant intentionally set in motion a force likely to cause death or great bodily harm." *Mayhew*, 236 Mich App at 125 (quotation marks and citation omitted). Malice may also be proved by establishing that the defendant possessed the "intent to do an act that is in obvious disregard of life-endangering consequences." *Id.*

Defendant argues that his second-degree murder conviction cannot be upheld because he did not intend to kill Castro, i.e., he had no malice. Defendant misunderstands the malice element. The jury could find, beyond a reasonable doubt, that defendant intended to do an act in wanton and willful disregard of the likelihood that the natural tendency of such behavior was to cause death or great bodily harm. See *Goecke*, 457 Mich at 464. Defendant intentionally fled from police by driving at a high rate of speed through a red light at a busy intersection, which is an act that obviously disregards its life-endangering consequences. See *Mayhew*, 236 Mich App at 125.

More specifically, the jury heard testimony from two police officers who attempted to pull defendant over for a traffic stop but defendant drove away at speeds greater than 100 miles per hour. Defendant did so with Castro as his passenger, racing through traffic and a red light at a busy intersection before crashing into another vehicle and a light pole. The jury watched video of the car chase and learned that defendant ran away from police on foot even after crashing, leaving behind Castro who was seriously injured in his vehicle. Evidence was also presented showing that defendant tested positive for cocaine at the time of the crash. The decision to flee from police at speeds over 100 miles per hour, with cocaine in his system and Castro as his passenger, through traffic, a busy intersection, and a red light, is sufficient to establish that defendant intended to do an act in wanton and willful disregard of the natural tendency that such behavior was likely to cause serious injury or death. Accordingly, a rational trier of fact could have found the elements of second-degree murder were proven beyond a reasonable doubt.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Mark J. Cavanagh
/s/ Douglas B. Shapiro