PEOPLE v DILLON

Docket No. 303083. Submitted April 3, 2012, at Detroit. Decided May 15, 2012, at 9:00 a.m.

The 47th District Court, Marla E. Parker, J., bound Brendon M. Dillon over to the Oakland Circuit Court on a charge of possessing less than 25 grams of heroin, MCL 333.7403(2)(a)(v), on the basis of evidence discovered during a traffic stop initiated when a police officer saw an air freshener hanging from defendant's rearview mirror in a manner that appeared to be obstructing defendant's view in violation of MCL 257.709(1)(c). Defendant moved to dismiss the charge on the ground that the traffic stop was unconstitutional. The circuit court, Daniel P. O'Brien, J., granted the motion, ruling that MCL 257.709(1)(c) was void for vagueness. The prosecution appealed.

The Court of Appeals *held*:

1. The officer had reasonable suspicion to stop defendant's vehicle because the officer could see that the air freshener hanging from defendant's rearview mirror had the potential to obstruct defendant's view in violation of MCL 257.709(1)(c). Furthermore, after stopping defendant, the officer saw an object being thrown from the front passenger window, then found a syringe in the vicinity of the thrown object. The ongoing legality of a detention after the initial stop must be reasonable and depends on the evolving circumstances with which the officer is faced, and this observation justified the continuation of the detention.

2. A party asserting a facial challenge to the constitutionality of a statute must demonstrate that no circumstances exist under which the statute would be valid. A penal statute is unconstitutionally vague when not challenged on First Amendment grounds if, considered in light of the facts at issue, it fails to provide fair notice of the conduct proscribed or is so indefinite that it confers unlimited and unstructured discretion on the trier of fact to determine whether an offense has occurred. Fair or proper notice exists if the statute gives a person of ordinary intelligence a reasonable opportunity to know what is prohibited. The statute cannot use terms that require a person of ordinary intelligence to speculate about their meaning and differ about their application.

For a statute to be sufficiently definite, its meaning must be fairly ascertainable by reference to judicial interpretations, the common law, dictionaries, treatises, or the commonly accepted meanings of words.

3. The version of MCL 257.709 that defendant was charged with violating, as amended by 2000 PA 127, was not facially void for vagueness or unconstitutional as applied to defendant. The statutory prohibition of dangling or suspended objects that obstruct the driver's vision used commonly understood, definite terms that placed ordinary citizens on notice of the prohibited conduct. The circuit court erred by concluding that the statute was void for vagueness because it could have been violated by windshield glare or rearview mirrors, which are not dangling or suspended objects.

Reversed.

CONSTITUTIONAL LAW — STATUTES — VAGUENESS — DRIVING WITH OBJECTS OBSTRUCTING VISION.

MCL 257.709, as amended by 2000 PA 127, which prohibited a person from driving a motor vehicle with a dangling ornament or other suspended object that obstructed the vision of the driver of the vehicle except as authorized by law, was not unconstitutionally vague.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Jessica R. Cooper*, Prosecuting Attorney, and *Thomas R. Grden*, Chief, Appellate Division, for the people.

*Linda M. Goetz* for defendant.

Before: MARKEY, P.J., and MURRAY and SHAPIRO, JJ.

PER CURIAM. The district court bound defendant over to the circuit court on a charge of possession of less than 25 grams of heroin, MCL 333.7403(2)(a)(*v*), on the basis of evidence seized during a traffic stop conducted for a violation of MCL 257.709. The circuit court suppressed the evidence from the search, held MCL 257.709 void for vagueness, and dismissed the charges against defendant. The prosecution appeals by right. We reverse.

First, the prosecution argues that police officer Jeremy Beisel had reasonable suspicion to stop defendant because the air freshener hanging below the rearview mirror was potentially obstructing defendant's view, a violation of MCL 257.709(1)(c). We agree.

This Court will not reverse a trial court's findings regarding a motion to suppress evidence as illegally seized unless they are clearly erroneous. *People v Waclawski*, 286 Mich App 634, 693; 780 NW2d 321 (2009). A finding is clearly erroneous if it leaves this Court with a definite and firm conviction that the trial court made a mistake. *Id.* We review de novo as a question of law whether a search was supported by the constitutional standard of reasonable suspicion. *People v Bloxson*, 205 Mich App 236, 245; 517 NW2d 563 (1994); see also *United States v Arvizu*, 534 US 266, 275; 122 S Ct 744; 151 L Ed 2d 740 (2002).

The right against unreasonable searches and seizures is guaranteed by both the United States and Michigan Constitutions. US Const, Am IV; Const 1963, art 1, § 11; *People v Kazmierczak*, 461 Mich 411, 417; 605 NW2d 667 (2000). Generally, if evidence is unconstitutionally seized, it must be excluded from trial. *People v Goldston*, 470 Mich 523, 528; 682 NW2d 479 (2004); *Terry v Ohio*, 392 US 1, 12-13; 88 S Ct 1868; 20 L Ed 2d 889 (1968). But a police officer may stop and detain a motor vehicle on the basis of an articulable and reasonable suspicion that the vehicle or one of its occupants is violating the law, including a law regulating equipment. *People v Matthew Williams*, 236 Mich App 610, 612; 601 NW2d 138 (1999). This Court's determination of whether there was reasonable suspicion to justify a stop must be made on a case-by-case basis, evaluated under the totality of the circumstances, and based on common sense. *People v Jenkins*, 472 Mich

26, 32; 691 NW2d 759 (2005). The subjective intent of the police officer is irrelevant to the validity of the stop. *People v John Williams*, 472 Mich 308, 314 n 7; 696 NW2d 636 (2005).

A court is required to suppress evidence otherwise lawfully seized during a traffic stop only if the officer did not have reasonable suspicion to justify the stop. See *People v Davis*, 250 Mich App 357, 363-364; 649 NW2d 94 (2002); *Williams*, 236 Mich App at 612. The statute that provided the basis for the traffic stop at issue, MCL 257.709(1), provided at the time:

> A person shall not drive a motor vehicle with any of the following:
>
>      \*   \*   \*
>
> (c) A dangling ornament or other suspended object that obstructs the vision of the driver of the vehicle, except as authorized by law.[1]

The facts and circumstances at issue provided Beisel the requisite articulable and reasonable suspicion to justify the stop. First, Beisel was able to see the air freshener from his patrol car while he was driving behind defendant. Second, the air freshener was hang-

---

[1] The Legislature amended MCL 257.709 in 2010 PA 258, effective December 14, 2010, to provide in relevant part:

> (1) A person shall not *operate* a motor vehicle with any of the following:
>
>      \*   \*   \*
>
> (c) *An* object that obstructs the vision of the driver of the vehicle, except as authorized by law. [Emphasis added.]

Although applying the amended version of the statute would not change our conclusion, we refer in this opinion to the statute in effect at the time of the traffic stop.

ing, at least two or three inches below the rearview mirror. Third, Beisel testified that from his perspective, the air freshener obstructed defendant's view. We conclude that the facts and circumstances known to Beisel provided reasonable suspicion that a traffic violation was occurring, which justified the traffic stop. *Davis*, 250 Mich App at 363; *Williams*, 236 Mich App at 612, 615.

Furthermore, after stopping defendant, Beisel observed an object being thrown out the front passenger window. Beisel saw a syringe in the vicinity of the thrown object. The ongoing legality of the detention after the initial stop must be reasonable and depends on "the evolving circumstances with which the officer is faced." *Williams*, 472 Mich at 315. In this case, the extension—or arguably the continuation—of the detention was justified on the basis of Beisel's observing the suspected drug paraphernalia.

Second, the prosecution argues that the version of MCL 257.709 that defendant was charged with violating was not facially void for vagueness or unconstitutional as applied. We agree.

This Court reviews de novo a void-for-vagueness challenge not involving First Amendment freedoms " 'in light of the facts of the case at hand.' " *People v Nichols*, 262 Mich App 408, 409-410; 686 NW2d 502 (2004) (citation omitted).

Statutes are presumed to be constitutional, and the party challenging the statute has the burden of showing the contrary. *People v Sands*, 261 Mich App 158, 160; 680 NW2d 500 (2004). When a party asserts a facial challenge to the constitutionality of a statute, the party must demonstrate that no circumstances exist under which the statute would be valid. *Id.* at 160-161.

In *People v Hrlic*, 277 Mich App 260; 744 NW2d 221 (2007), this Court reviewed a constitutional vagueness challenge to MCL 257.648, which requires a driver to signal when "turning from a direct line." The Court, citing *Sands*, 261 Mich App at 161, and *People v Hill*, 269 Mich App 505, 524; 715 NW2d 301 (2006), stated the pertinent test to determine whether a penal statute is unconstitutionally vague when not challenged on First Amendment grounds: "A statute may be unconstitutionally vague . . . [if] it fails to provide fair notice of the conduct proscribed, or . . . it is so indefinite that it confers unlimited and unstructured discretion on the trier of fact to determine whether an offense has occurred." *Hrlic*, 277 Mich App at 263. Fair or proper notice exists if the statute gives a person of ordinary intelligence a reasonable opportunity to know what is prohibited. *Id.* A court considers a vagueness challenge in light of the facts at issue. *Sands*, 261 Mich App at 161. The statute cannot use terms that require a person of ordinary intelligence to speculate about their meaning and differ about their application. *Id.* "For a statute to be sufficiently definite, its meaning must be fairly ascertainable by reference to judicial interpretations, the common law, dictionaries, treatises, or the commonly accepted meanings of words." *Id.*

The applicable version of the challenged statute, MCL 257.709, was not facially void for vagueness or unconstitutional as applied to defendant. The statute used commonly understood, definite terms that placed ordinary citizens on notice of the prohibited conduct and provided police officers sufficient guidance to apply the statute in a nonarbitrary and nondiscriminatory way. As used in the statute, "dangling ornament" and "suspended object" are commonly understood phrases. "Dangle" is defined as "to hang loosely, esp[ecially] with a swaying motion." *Random House Webster's College*

*Dictionary* (1997). "Suspend" is defined as "to hang by attachment to something above, esp[ecially] so as to allow free movement." *Id*. "Obstruct" is also a commonly understood term, meaning "to block or close up with an obstacle[.]" *Id*. These terms are definite and clear enough to permit a citizen of ordinary intelligence a reasonable opportunity to know what the Legislature intended to prohibit and also not so indefinite that unlimited discretion is conferred on police officers to determine whether an offense has occurred. *Hrlic,* 277 Mich App at 263.

The circuit court adopted the reasoning of defense counsel that a windshield glare or a rearview mirror could have violated the statute and, therefore, the statute was void for vagueness. Although there is a legitimate argument that a rearview mirror or windshield glare could obstruct a driver's view, the statute prohibited *dangling or suspended objects* that obstruct a driver's view. Windshield glare is not a dangling or suspended object. A rearview mirror is not commonly understood as a dangling or suspended object. The reference to an object that is dangling or suspended implies that the object is hanging or is allowed to move freely. Therefore, the statute was not void for vagueness.

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

MARKEY, P.J., and MURRAY and SHAPIRO, JJ., concurred.