# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

PETER KINGYATTA DENNIS,

        Defendant-Appellant.

UNPUBLISHED
November 17, 2015

No. 321852
Saginaw Circuit Court
LC No. 13-039366-FH

Before: GADOLA, P.J., and HOEKSTRA and M. J. KELLY, JJ.

PER CURIAM.

Defendant was convicted by a jury of one count of second-degree fleeing and eluding, MCL 257.602a(4), and one count of furnishing an officer with false, forged, fictitious, or misleading information, MCL 257.324. Defendant also pleaded guilty to operating a vehicle while license suspended, MCL 257.904. He was sentenced as an habitual offender, fourth-offense, MCL 769.12, to five to ten years' imprisonment for fleeing and eluding, 12 months for operating while license suspended, and ninety days for furnishing false, forged, fictitious, or misleading information. Defendant appeals as of right. Because defendant was not entitled to suppression of the evidence surrounding the traffic stop that gave rise to defendant's convictions, we affirm.

The evidence introduced at trial demonstrated that defendant was driving in Saginaw at approximately 2:30 a.m. on August 18, 2013. Michigan State Trooper Justin Kemerer saw that the license plate on defendant's vehicle was not properly illuminated as required by MCL 257.686(2). Kemerer attempted to initiate a traffic stop for an equipment violation by activating his police lights as a signal for defendant to stop, but defendant continued to drive and a police pursuit ensued, involving high rates of speed in excess of 90 miles per hour at times. Other patrol cars joined the pursuit and they eventually succeeded in stopping defendant's car by essentially pinning defendant's vehicle against the median of the freeway. At that time, defendant refused to cooperate with police commands to put his hands outside the vehicle and he then hid his hands under his body when police tried to handcuff him. Defendant then lied to police about his identity. A jury convicted defendant as noted above. Defendant now appeals as of right.

On appeal, defendant asserts that Kemerer lacked a lawful basis for the traffic stop. Specifically, defendant contends that the license plate on the vehicle was illuminated and that

Kemerer's claim to the contrary was a pretext for effecting an illegal stop. Based on the contention that the stop was illegal, defendant argues that he could lawfully resist Kemerer's efforts to stop the vehicle and that the trial court erred by denying defendant's motion to suppress.

In the trial court, defendant moved the court to suppress the evidence based on the contention that Kemerer lacked reasonable suspicion for the traffic stop and that defendant had actually been targeted on the basis of racial profiling. In support of his motion, defendant offered testimony from Letesha Steward, the owner of the vehicle, who testified that the license plate was illuminated when defendant borrowed the car. Steward also testified that she had the bulb replaced on June 23, 2012, and she provided the trial court with a receipt for work on the vehicle. The trial court also viewed a video from Kemerer's in-car camera and heard testimony from Kemerer. Based on this evidence, the trial court denied defendant's motion to suppress. The trial court found that the video from Kemerer's vehicle was inconclusive because Kemerer's own headlights were reflecting off the license plate, meaning that the court could not tell whether the license plate had a properly working bulb. The trial court also found that Steward's receipt was not dispositive. Ultimately, the court concluded that the issue had to be decided based on the witnesses' testimony and the court accepted Kemerer's description of events, finding that Kemerer "had a legitimate reason to stop the vehicle, for the license plate light."

On appeal, we review for clear error the trial court's factual findings underlying its decision on a motion to suppress. *People v Beuschlein*, 245 Mich App 744, 748; 630 NW2d 921 (2001). "A finding is clearly erroneous if, after reviewing the entire record, an appellate court is left with a definite and firm conviction that a mistake has been made." *People v Galloway*, 259 Mich App 634, 638; 675 NW2d 883 (2003). "This Court must give deference to the trial court's factual findings, particularly where the credibility of witnesses is involved." *Id.* Although we give deference to the trial court's factual findings, the application of the facts to the law is a legal issue which we review de novo. *People v White*, 294 Mich App 622, 627; 823 NW2d 118 (2011). Thus, we review de novo whether the Fourth Amendment was violated and whether the trial court's ultimate decision on a motion to suppress was correct. *People v Hyde*, 285 Mich App 428, 436; 775 NW2d 833 (2009).

"US Const, Am IV and Const 1963, art 1, § 11 guarantee the right of the people to be free from unreasonable searches and seizures." *People v Brown*, 279 Mich App 116, 130; 755 NW2d 664 (2008). "Generally, searches or seizures conducted without a warrant are presumptively unreasonable and, therefore, unconstitutional." *People v Barbarich*, 291 Mich App 468, 472; 807 NW2d 56 (2011). Evidence seized in violation of the Fourth Amendment must generally be excluded from trial. *People v Chowdhury*, 285 Mich App 509, 516; 775 NW2d 845 (2009).

Relevant to the present case, a police officer may stop and detain a motor vehicle based on "an articulable and reasonable suspicion that the vehicle or one of its occupants is violating the law, including a law regulating equipment." *People v Dillon*, 296 Mich App 506, 508; 822 NW2d 611 (2012). See also *Whren v United States*, 517 US 806; 116 S Ct 1769, 1772; 135 L Ed 2d 89 (1996). To be reasonable, the search or seizure must be justified at its inception. *Hyde*, 285 Mich App at 436. "A determination regarding whether a reasonable suspicion exists must be

based on commonsense judgments and inferences about human behavior." *People v Jenkins*, 472 Mich 26, 32; 691 NW2d 759 (2005) (citation omitted).

The statute that formed the basis for the traffic stop in this case, MCL 257.686(2), states:

Either a tail lamp or a separate lamp shall be constructed and placed so as to illuminate with a white light the rear registration plate and render it clearly legible from a distance of 50 feet to the rear. A tail lamp or tail lamps, together with any separate lamp for illuminating the rear registration plate, shall be wired so as to be lighted whenever the head lamps or auxiliary driving lamps are lighted.

Thus, in this case, if the license plate of the vehicle defendant was driving was not illuminated, it would constitute a violation of MCL 257.686(2) and this equipment violation would provide legal justification for the stop. See *Dillon*, 296 Mich App at 508-509.

On appeal, defendant recognizes that MCL 257.686(2) provides a legal justification for a traffic stop when a vehicle does not have an illuminated license plate. In disputing the trial court's denial of his motion to suppress, defendant merely attempts to relitigate the factual circumstances surrounding the traffic stop in this case. That is, defendant rehashes the evidence presented at the hearing on his motion to suppress. He extolls Steward's testimony and her receipt for work on the car, and defendant suggests that, in comparison, Kemerer's version of events "does not ring true." The flaw with defendant's argument is that witness credibility is a question for the trial court. *Galloway*, 259 Mich App at 638. Giving deference to the trial court's opportunity to assess credibility, based on Kemerer's description of events and his observation of an unlit license plate, we cannot conclude that the trial court's factual findings were clearly erroneous. Further, because Kemerer observed defendant driving a vehicle with an unlit license plate, he had reasonable suspicion justifying a traffic stop for a violation of MCL 257.686(2). Consequently, the trial court properly denied defendant's motion to suppress and defendant is not entitled to relief on appeal.

Affirmed.

/s/ Michael F. Gadola
/s/ Joel P. Hoekstra
/s/ Michael J. Kelly

-3-