# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JASON ROBERT BAKER,

        Defendant-Appellant.

UNPUBLISHED
June 14, 2016

No. 326207
Oakland Circuit Court
LC No. 2014-248936-FH

Before: JANSEN, P.J., and O'CONNELL and RIORDAN, JJ.

PER CURIAM.

Defendant, Jason Robert Baker, appeals as of right his convictions, following a jury trial, of operating while intoxicated, third offense, MCL 257.625(1), and operating in violation of license restrictions, MCL 257.312. The trial court sentenced him to serve 30 days in jail for operating in violation of license restrictions, and 30 days in jail and two years' probation for operating while intoxicated. We affirm.

## I. FACTUAL BACKGROUND

According to Royal Oak Police Department Officer Brian Honsowetz, he pulled Baker over shortly after Baker left the Royal Inn Bar at about 2:00 a.m. While running plates in the bar's parking lot, Officer Honsowetz had discovered that Baker's car was registered to an owner with license restrictions. Officer Honsowetz decided to follow the car, and he pulled it over after he thought it changed lanes without signaling.

Before trial, Baker moved to suppress evidence of the traffic stop. At Baker's preliminary hearing, Officer Honsowetz had testified that he pulled Baker over because he noticed that Baker failed to signal while changing lanes. But after the preliminary hearing, Officer Honsowetz indicated to the prosecutor that he had been mistaken at the time of the stop because his review of a dashboard camera video showed that Baker actually had signaled to change lanes. Officer Honsowetz theorized that he made the mistake because Baker was about half a mile up the road at the time and there were several flashing yellow traffic signals on the road. After reviewing the video and audio recordings from Officer Honsowetz's patrol car, in which he narrated the events as he decided to pull Baker over, the trial court found that Officer Honsowetz had reasonable suspicion to stop Baker and denied Baker's motion.

-1-

At trial, Officer Honsowetz testified that after he stopped Baker's car, he noticed a strong smell of intoxicants and saw that Baker's eyes were bloodshot and watery. When Officer Honsowetz asked Baker where he had come from, Baker claimed he was coming from a friend's house, and when Officer Honsowetz asked if Baker had been drinking, Baker responded he had "half a drink." After a second officer arrived, Officer Honsowetz again asked Baker if he had been drinking, and Baker stated he had "two tall beers." During field sobriety tests, Baker was unable to walk and turn smoothly, lost his balance while standing on one leg, and his eyes had jerky movements. Officer Honsowetz "thought he was pretty drunk" and arrested Baker. Officer Honsowetz subsequently issued three breathalyzer tests, which indicated that Baker's blood alcohol content was 0.07, 0.16, and 0.17. Officer Honsowetz stated that it was not unusual for the first test result to be substantially different from the second test result.

The jury found Baker guilty as described above. Baker now appeals.

## II. SUPPRESSION

Baker contends that the trial court clearly erred by denying his motion to suppress the evidence on the basis that Officer Honsowetz illegally stopped him. We disagree.

The trial court's ruling on a motion to suppress is a mixed question of fact and law. *People v Dillon*, 296 Mich App 506, 508; 822 NW2d 611 (2012). We review the trial court's findings of fact for clear error. *Id*. A finding is clearly erroneous if this Court is definitely and firmly convinced that the trial court made a mistake. *Id*. We review de novo the trial court's application of constitutional standards. *People v Williams*, 472 Mich 308, 313-314; 696 NW2d 636 (2005).

Both the United States Constitution and the Michigan Constitution guarantee the right to be free from unreasonable search and seizure. US Const, Am IV; Const 1963, art 1, § 11; *Dillon*, 296 Mich App at 508. When officers unconstitutionally obtain evidence, it is inadmissible at a defendant's trial. *Id*. A traffic stop is a seizure for purposes of the Fourth Amendment. *People v Jones*, 260 Mich App 424, 429; 678 NW2d 627 (2004) (quotation marks and citation omitted). "In order to effectuate a valid traffic stop, a police officer must have an articulable and reasonable suspicion that a vehicle or one of its occupants is subject to seizure for a violation of law." *Id*. Courts determine the reasonableness of an officer's suspicion "on a case-by-case basis in light of the totality of the facts and circumstances and specific reasonable inferences he is entitled to draw from the facts in light of his experience." *Id*.

The record provides ample evidence that Officer Honsowetz had reasonable suspicion to stop Baker. Despite licensing restrictions that only allowed Baker to drive between work and home and not to consume alcohol, Officer Honsowetz discovered Baker's car in the parking lot of a bar. Officer Honsowetz believed that Baker had changed lanes without signaling. This belief was supported by the audio narration Officer Honsowetz gave as he followed Baker. A video also showed Baker weaving within his lane and pulling forward into a pedestrian crosswalk. That Officer Honsowetz was mistaken about whether Baker failed to change lanes while signaling does not render that reason for his stop invalid. To satisfy the Fourth Amendment reasonableness requirement, "what is generally demanded of the many factual determinations that must regularly be made by agents of the government . . . is not that they

-2-

always be correct, but that they always be reasonable." *Heien v North Carolina*, ___ US ___, ___; 135 S Ct 530, 543; 190 L Ed 2d 475 (2014) (quotation marks and citation omitted). We are not definitely and firmly convinced that the trial court made a mistake when it found that Officer Honsowetz had reasonable suspicion to stop Baker.

Regarding Baker's brief contention that the trial court should have instructed the jury that it could find him not guilty if it found Officer Honsowetz's actions unconstitutional, Baker provides no authority for his assertion that a jury may decide the constitutionality of a traffic stop. We conclude that Baker has abandoned this issue. See *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998) (stating that an appellant may not give issues cursory treatment and must provide authority to support them).

### III. RIGHT TO REMAIN SILENT

Baker contends that the trial court improperly admitted evidence of his prearrest silence, and the prosecution committed misconduct by commenting on his decision not to testify. We disagree.

"Whether a person is in custody for purposes of the *Miranda*[1] warnings requirement is a mixed question of law and fact that must be answered independently after a review of the record de novo." *People v Cortez*, 299 Mich App 679, 691; 832 NW2d 1 (2013). Thus, we review the trial court's findings of fact for clear error, and its ultimate ruling on a motion to suppress de novo. *Id*.

In a criminal trial, the defendant has a constitutional right against self-incrimination. *People v Mann*, 288 Mich App 114, 120; 792 NW2d 53 (2010). "To protect a defendant's Fifth Amendment privilege against self-incrimination, custodial interrogation must be preceded by advice to the accused that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." *Cortez*, 299 Mich App at 691 (quotation marks and citation omitted).

In determining if a defendant was subjected to "custodial interrogation," this Court looks at the totality of the objective circumstances. *Id*. There are two primary considerations in determining whether a defendant is "in custody" during interrogation: (1) whether "a reasonable person [would] have felt he or she was not at liberty to terminate the investigation and leave"; and (2) whether the "relevant environment presents the same inherently coercive pressures as the type of station house questioning at issue in *Miranda*." *Howes v Fields*, ___ US ___, ___; 132 S Ct 1181, 1189-1190; 182 L Ed 2d 17 (2012) (quotation marks and citations omitted). "[A] motorist detained for a routine traffic stop or investigative stop is ordinarily not in custody within the meaning of *Miranda*." *People v Steele*, 292 Mich App 308, 317; 806 NW2d 753 (2011).

---

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

In this case, Officer Honsowetz detained Baker for a routine traffic stop. While Baker was not free to leave during the stop itself, he was detained in public, in a well-lit parking lot, and in the presence of his passenger. The situation did not present the same coercive pressures as Baker would have faced in a station house. We conclude that Baker was not subject to custodial interrogation when Officer Honsowetz questioned him.

Baker also contends that the prosecution inappropriately commented on his decision to remain silent. The prosecution may not comment on defendant's decision not to testify. *Mann*, 288 Mich App at 120. Similarly, a prosecutor may not comment on a defendant's postarrest, post-*Miranda* silence because it would be inconsistent with *Miranda*'s "implicit promise that a defendant will not be punished for remaining silent." *People v Shafier*, 483 Mich 205, 213; 768 NW2d 305 (2009). However, a prosecutor's reference to a defendant's prearrest, pre-*Miranda* conduct does not constitute prosecutorial misconduct. *People v McGhee*, 268 Mich App 600, 634-635; 709 NW2d 595 (2005).

In this case, the prosecution only referred to Baker's prearrest and pre-*Miranda* conduct and statements. Nothing in the record supports Baker's argument that the prosecution commented on Baker's decision not to testify, and therefore we reject it.

## IV. SUFFICIENCY OF THE EVIDENCE

Baker next argues that the evidence was insufficient to support his conviction for operating while intoxicated because his breath test initially showed a number under 0.08. We disagree.

A claim that the evidence was insufficient to convict a defendant invokes that defendant's constitutional right to due process of law. *People v Wolfe*, 440 Mich 508, 514; 489 NW2d 748 (1992); *In re Winship*, 397 US 358, 364; 90 S Ct 1068; 25 L Ed 2d 368 (1970). Thus, this Court reviews de novo a defendant's challenge to the sufficiency of the evidence supporting his or her conviction. *People v Henderson*, 306 Mich App 1, 8; 854 NW2d 234 (2014). We review the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could find that the prosecution proved the crime's elements beyond a reasonable doubt. *Id*. at 9.

Operating while intoxicated under MCL 257.625(1) has three elements:

(1) the defendant operated a motor vehicle (2) on a highway or other place open to the general public or generally accessible to motor vehicles (3) while under the influence of liquor or a controlled substance, or a combination of the two, or with a blood alcohol content of 0.08 grams or more per 100 milliliters of blood. [*People v Hyde*, 285 Mich App 428, 448; 775 NW2d 833 (2009).]

The third element is disjunctive and may be satisfied by either proof that the defendant was under the influence of liquor or that the defendant's blood alcohol content was 0.08 or higher. *Id*.

Regardless of the results of the breath test, the jury could reasonably have found that Baker was operating while under the influence of liquor. The evidence in this case included that Baker left a bar at around closing time, drove erratically, and failed several field sobriety tests.

-4-

The jury was able to view the recording of Baker's driving and performance on the tests. Officer Honsowetz gave various reasons why he believed Baker was intoxicated, including a smell of liquor and that Baker's eyes were bloodshot. Baker admitted that he drank at least two tall beers. Officer Honsowetz had engaged in numerous traffic stops and opined that Baker was "pretty drunk." Finally, two of Baker's three breath tests showed amounts significantly over 0.08. Viewing this evidence in the light most favorable to the prosecution, a rational juror could find that Baker was operating while intoxicated.

We affirm.

/s/ Kathleen Jansen
/s/ Peter D. O'Connell
/s/ Michael J. Riordan