# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
August 14, 2018

Plaintiff-Appellee,

v

No. 337589
Wayne Circuit Court
LC No. 81-172401-02-FC

JAMES HOWARD,

Defendant-Appellant.

Before: SWARTZLE, P.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the judgment of sentence entered following resentencing for his 1982 convictions on two counts of first-degree murder, MCL 750.316, when he was 17-years-old.[2] In 1982, defendant received mandatory sentences of life without parole (LWOP). After the United States Supreme Court held in *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012), that imposing mandatory LWOP sentences on juveniles was unconstitutional, defendant was resentenced in 2016 to 40 to 60 years' imprisonment for those convictions. Defendant contends on appeal that he was denied constitutional protections afforded juvenile offenders at resentencing because his 40-year sentence constitutes a de facto sentence of LWOP. We disagree and affirm.

This appeal arises out of the *Miller* decision, the Supreme Court's decision to make *Miller* retroactive in *Montgomery v Louisiana*, ___ US ___; 136 S Ct 718; 193 L Ed 2d 599 (2016), and our Legislature's enactment of MCL 769.25a. In *Miller*, the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.' "

---

[1] *People v Howard*, unpublished order of the Court of Appeals, entered July 6, 2017 (Docket No. 337589).

[2] Defendant was also convicted of two counts of armed robbery, MCL 750.529, and one count of possession of a firearm during the commission of a felony, MCL 750.227b, and received a respective 20 to 30 years' imprisonment for the former and two years' imprisonment for the latter.

-1-

*Miller*, 567 US at 465. The Court noted that "children are constitutionally different from adults for purposes of sentencing," *id*. at 471, that "the distinctive attributes of youth diminish the penological justifications for imposing the harshest sentences on juvenile offenders," *id*. at 472, and that, in these cases, "a sentencer [must] have the ability to consider the 'mitigating qualities of youth,' " *id*. at 476, quoting *Johnson v Texas*, 509 US 350, 367; 113 S Ct 2658; 125 L Ed 2d 290 (1993).

> Mandatory life without parole for a juvenile precludes consideration of his chronological age and its hallmark features—among them, immaturity, impetuosity, and failure to appreciate risks and consequences. It prevents taking into account the family and home environment that surrounds him—and from which he cannot usually extricate himself—no matter how brutal or dysfunctional. It neglects the circumstances of the homicide offense, including the extent of his participation in the conduct and the way familial and peer pressures may have affected him. Indeed, it ignores that he might have been charged and convicted of a lesser offense if not for incompetencies associated with youth—for example, his inability to deal with police officers or prosecutors (including on a plea agreement) or his incapacity to assist his own attorneys. See, e.g., *Graham*, 560 U.S., at 78, 130 S.Ct., at 2032 ("[T]he features that distinguish juveniles from adults also put them at a significant disadvantage in criminal proceedings"); *J.D.B. v. North Carolina*, 564 U.S. 261, 269, 131 S.Ct. 2394, 2400–2401, 180 L.Ed.2d 310 (2011) (discussing children's responses to interrogation). And finally, this mandatory punishment disregards the possibility of rehabilitation even when the circumstances most suggest it. [*Miller*, 509 US at 477-478.]

" 'A state is not required to guarantee eventual freedom,' but must provide 'some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.' " *Id*. at 479, quoting *Graham v Florida*, 560 US 48, 75; 130 S Ct 2011; 176 L Ed 2d 825 (2010). Again, *Miller*'s holding was made retroactive to juvenile offenders in *Montgomery*, ___ US ___; 136 S Ct at 734, 736.

The Michigan Legislature enacted MCL 769.25a, however, which accounted for that possibility that *Miller* would be determined to apply retroactively. MCL 769.25a provides, in pertinent part:

> (b) Within 180 days after the date the supreme court's decision [regarding the retroactivity of *Miller*] becomes final, the prosecuting attorney shall file motions for resentencing in all cases in which the prosecuting attorney will be requesting the court to impose a sentence of imprisonment for life without the possibility of parole. A hearing on the motion shall be conducted as provided in section 25 of this chapter.

> (c) If the prosecuting attorney does not file a motion under subdivision (b), the court shall sentence the individual to a term of imprisonment for which the maximum term shall be 60 years and the minimum term shall be not less than 25 years or more than 40 years. [MCL 769.25a(4)(b) and (c).]

In those cases in which prosecutors seek to impose a sentence of LWOP, MCL 769.25 provides the procedure for the *Miller* hearing to which those defendants are entitled:

> (6) . . . At the hearing, the trial court shall consider the factors listed in *Miller v Alabama*, 567 US [460]; 183 L Ed 2d 407; 132 S Ct 2455; (2012), and may consider any other criteria relevant to its decision, including the individual's record while incarcerated.
>
> (7) At the hearing under subsection (6), the court shall specify on the record the aggravating and mitigating circumstances considered by the court and the court's reasons supporting the sentence imposed. The court may consider evidence presented at trial together with any evidence presented at the sentencing hearing. [MCL 769.25(6) and (7).]

In this case, defendant primarily contends that MCL 769.25a is unconstitutional as applied to him under *Miller*. That is, despite the fact that the prosecution did not seek to impose a sentence of LWOP, the term-of-years sentence defendant received pursuant to MCL 769.25a(4)(c) is functionally equivalent to LWOP; thus, defendant should have been afforded the procedural protections provided by *Miller* and described in MCL 769.25(6) and (7). We conclude that defendant has failed to overcome the presumption that MCL 769.25a is constitutional, and thus, failed to demonstrate that the trial court plainly erred in applying the statute.

Generally, "[t]o preserve a sentencing issue for appeal, a defendant must raise the issue 'at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.' " *People v Clark*, 315 Mich App 219, 223-224; 888 NW2d 309 (2016), citing MCR 6.429(C) and *People v McLaughlin*, 258 Mich App 635, 670; 672 NW2d 860 (2003). Defendant did not raise the constitutional issue he now raises on appeal at sentencing, or in a proper motion for resentencing or to remand; thus, the issue is unpreserved. "Unpreserved, constitutional errors are reviewed for plain error affecting substantial rights." *People v Pipes*, 475 Mich 267, 270; 715 NW2d 290 (2006).

"Statutory interpretation presents a question of law that we review de novo." *People v Konopka (On Remand)*, 309 Mich App 345, 356; 869 NW2d 651 (2015). "Statutes are presumed to be constitutional, and the party challenging the statute has the burden of showing the contrary." *People v Dillon*, 296 Mich App 506, 510; 822 NW2d 611 (2012).

Defendant's argument presumes that the holding in *Miller* applies to term-of-year sentences, in addition to mandatory LWOP sentences, where the term of years exceeds the life expectancy of the juvenile offender. Although one might argue that *Miller* explicitly applied only to mandatory LWOP sentences, this Court need not reach the issue because defendant was ultimately afforded the constitutional protections that *Miller* requires. *Miller* requires that defendants convicted as juveniles be afforded "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Miller*, 567 US at 479, quoting *Graham*, 560 US at 75. Defendant has been granted that opportunity; he has been afforded a meaningful opportunity to obtain release. Defendant is only 53 years old and, according to the Michigan Department of Corrections Offender Tracking Information System (OTIS) website,

could be released from prison by September 11, 2018, although he was originally sentenced to LWOP. Accordingly, defendant's cursory contention that his 40-year sentence constitutes de facto LWOP is without merit. MCL 769.25a is not unconstitutional as applied to defendant because application of the statute afforded defendant a meaningful opportunity to obtain release. See *Miller*, 567 US at 479.

We note that defendant has not even attempted to establish that the trial court plainly erred when it presumed that MCL 769.25a was constitutional and when it presumed that the discretionary sentence of 40 years' imprisonment was not the equivalent of mandatory LWOP within the meaning of *Miller*. Further, even if the trial court had considered each of the *Miller* factors, defendant has not established that he would have received a shorter sentence. In fact, the trial court demonstrated at defendant's resentencing hearing that it thoughtfully weighed defendant's maturity and ability to be rehabilitated against the severity of his crimes, but still determined that a 40-year sentence was appropriate. The trial court listed a number of defendant's accomplishments and noted his progress and future potential but, ultimately, was more swayed by the egregious nature of the crime. Consequently, defendant has failed to establish that the trial court plainly erred and failed to establish that application of defendant's interpretation of *Miller* would have changed the length of his sentence.

Defendant also states in a single sentence that MCL 769.25a is unconstitutional on its face because it imposes mandatory minimum sentences on juvenile offenders. Defendant provides no legal authority or analysis to support the contention, and accordingly, has abandoned the issue. See *People v Harris*, 261 Mich App 44, 50; 680 NW2d 17 (2004).

Affirmed.

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ Michael J. Kelly