*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 29, 2020

Plaintiff-Appellee,

v

No. 349193
Oakland Circuit Court
LC No. 2018-267979-FH

DARIUS DAWAN POWELL,

Defendant-Appellant.

Before: BOONSTRA, P.J., and MARKEY and FORT HOOD, JJ.

PER CURIAM.

In August 2018, defendant was a passenger in a vehicle when the vehicle was pulled over for having cracks in its windshield. Deputies noticed a firearm on the floor in front of defendant. Defendant was placed in handcuffs and the firearm was seized. Deputies found that the firearm was loaded, and subsequently found heroin and cocaine behind the handle of the door next to which defendant was seated. Before trial, defendant moved to suppress the firearm and controlled substances, but the motion was denied. Following a jury trial, defendant was convicted of being a felon in possession (felon-in-possession) of a firearm, MCL 750.224(f)(2), felon-in-possession of ammunition, MCL 750.224(f)(3), carrying a concealed weapon (CCW), MCL 750.227, two counts of possession of less than 25 grams of a controlled substance, MCL 333.7403(2)(a)(v), and four counts of possession of a firearm during the commission of a felony, third offense (felony-firearm), MCL 750.227b(1). Defendant was sentenced to 9 to 15 years' imprisonment for his felon-in-possession and possession of a controlled substance convictions, 253 days in jail for his CCW conviction, and 10 years' imprisonment to run consecutive to his other sentences for his felony-firearm convictions. Defendant contends on appeal that the trial court erred in denying his motion to suppress. He specifically argues that he was denied his Fourth Amendment right to be free from unreasonable searches and seizures because his detainment emanated from a pretextual traffic stop and the deputies had no reasonable suspicion to detain or search him. We disagree and affirm.

"Application of the exclusionary rule to a Fourth Amendment violation is a question of law that is reviewed de novo." *People v Jenkins*, 472 Mich 26, 31; 691 NW2d 759 (2005). Factual findings with respect to a motion to suppress are reviewed for clear error. *Id*. "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite

and firm conviction that a mistake has been made." *People v Stricklin*, 327 Mich App 592, 598; 935 NW2d 59 (2019) (quotation marks and citation omitted).

"The right of the people to be secure in their persons . . . and effects, against unreasonable searches and seizures, shall not be violated . . . ." US Const, Am IV.[1]  See also Const 1963, art 1, § 11.  "Searches and seizures conducted without a warrant are unreasonable per se, subject to several specifically established and well-delineated exceptions." *People v Champion*, 452 Mich 92, 98; 549 NW2d 849 (1996).  Additionally, "seizures are reasonable for purposes of the Fourth Amendment only if based on probable cause." *People v Lewis*, 251 Mich App 58, 69; 649 NW2d 792 (2002).  However, "a police officer may stop and detain a motor vehicle on the basis of an articulable and reasonable suspicion that the vehicle or one of its occupants is violating the law, including a law regulating equipment." *People v Dillon*, 296 Mich App 506, 508; 822 NW2d 611 (2012).[2]  "[W]hether there was reasonable suspicion to justify a stop must be made on a case-by-case basis, evaluated under the totality of the circumstances, and based on common sense." *Id*. Notably, "[t]he subjective intent of [a] police officer is irrelevant to the validity of the stop." *Id*. at 509.

First, we can discern no error from the trial court's determination that the stop of the vehicle in this case was lawful, and accordingly, the initial detainment of defendant himself was lawful. See *Brendlin v California*, 551 US 249, 255-259; 127 S Ct 2400; 168 L Ed 2d 132 (2007) (explaining that a traffic stop of a vehicle is a seizure of the driver and all passengers). Deputies testified that they saw cracks in the windshield of the vehicle in which defendant was a passenger, which gave the deputies "an articulable and reasonable suspicion that the vehicle or one of its occupants [was] violating . . . a law regulating equipment." *Dillon*, 296 Mich App at 508. Moreover, even if, as defendant suggests, the deputies' subjective intent was to stop defendant for some other reason, because the stop of the vehicle was justified by reasonable suspicion of defective equipment, the temporary seizure of defendant was lawful.  See *Whren v United States*, 517 US 806, 813; 116 S Ct 1769; 135 L Ed 2d 89 (1996) (explaining that subjective intent is not relevant to the objective validity of a stop).  See also *People v Corr*, 287 Mich App 499, 507; 788 NW2d 860 (2010) (explaining that the temporary seizure of a driver and passengers remains reasonable for the duration of a valid stop).

Further, we also discern no error from the trial court's conclusion that the seizure of the firearm and controlled substances was proper.  At best, the deputies had probable cause on the basis of defendant's actions, and at worst, the plain-view exception to the warrant requirement applied.  "The plain[-]view doctrine allows police officers to seize, without a warrant, items in plain view if the officers are lawfully in a position from which they view the item, and if the item's

---

[1] The Fourth Amendment was incorporated against the states in *Mapp v Ohio*, 367 US 643; 81 S Ct 1684; 6 L Ed 2d 1081 (1961).  *People v Slaughter*, 489 Mich 302, 310 n 13; 803 NW2d 171 (2011).  Additionally, "the Michigan Constitution is to be construed to provide the same protection as that secured by the Fourth Amendment, absent compelling reason to impose a different interpretation." *Id*. at 311 (quotation marks and citation omitted).

[2] The equipment on vehicles must be maintained according to law.  MCL 257.683(2).

incriminating character is immediately apparent." *People v Wilkens*, 267 Mich App 728, 733; 705 NW2d 728 (2005) (quotation marks and citation omitted). An item's incriminating character is immediately apparent if "without further search the officers have probable cause to believe the items are seizable." *People v Mahdi*, 317 Mich App 446, 462; 894 NW2d 732 (2016), quoting *Champion*, 452 Mich at 102 (quotation marks omitted).

Here, having lawfully stopped the vehicle in which defendant was a passenger, one deputy testified that he saw defendant move in such a way that led him to believe that defendant was armed, and another deputy saw the firearm on the floor in front of defendant.[3] Where one officer was able to view the weapon in plain view, and another observed that defendant may have been attempting to conceal the same, we cannot conclude that the trial court erred when it determined that the seizure was permissible. Additionally, with specific respect to the controlled substances, we note testimony that, after defendant was removed from the vehicle and the firearm was seized, the deputy saw what he believed to be drugs behind the handle of defendant's door. Again, where the deputy was lawfully in a position from which controlled substances were in plain view, we cannot conclude that the trial court erred in concluding that the evidence was admissible at trial.

We note defendant's contention that his conduct was "not necessarily indicative of criminal behavior," and thus, the deputies had no right to remove him from the vehicle. "[A] police officer may, consistent with the Fourth Amendment of the federal constitution, order a passenger to get out of a motor vehicle stopped during a routine traffic stop under the same circumstances in which the officer may order the driver to get out of the vehicle." *People v Martinez*, 187 Mich App 160, 168; 466 NW2d 380 (1991). See also *Maryland v Wilson*, 519 US 408, 410; 117 S Ct 882; 137 L Ed 2d 41 (1997) (holding that a police officer may order a passenger of a lawfully stopped vehicle to exit the vehicle "as a matter of course"). The deputies in this case were permitted to order defendant out of the vehicle to ensure their own safety, regardless of whether defendant's conduct was indicative of criminal behavior. *Id.* And, once again, we note that this argument has little impact on the legality of the deputies' seizures of the firearm and controlled substances because the firearm was in plain view *before* the deputies removed defendant from the vehicle, and the drugs were in plain view once the deputies opened the door to seize the firearm.

Affirmed.

/s/ Mark T. Boonstra
/s/ Jane E. Markey
/s/ Karen M. Fort Hood

---

[3] Plaintiff notes in his brief on appeal that whether plaintiff was acting suspiciously was disputed at trial. This is not sufficient to establish clear error, and we note that are not left with a definite and firm conviction that a mistake was made. See *Stricklin*, 327 Mich App at 598