*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOSE ISRAEL ESCALONA-MARTINEZ,

        Defendant-Appellant.

UNPUBLISHED
August 11, 2022

No. 357676
Ingham Circuit Court
LC No. 17-000663-FH

Before: SWARTZLE, P.J., and RONAYNE KRAUSE and GARRETT, JJ.

PER CURIAM.

Defendant was convicted of domestic violence, third offense, MCL 750.81(5), for a July 3, 2012, incident in which he struck his ex-girlfriend. Defendant appealed his conviction, arguing that his trial attorneys were ineffective for failing to investigate and argue his alibi defense that he was in New York City the day of the incident. This court remanded to the trial court for a *Ginther*[1] hearing, *People v Escalona-Martinez*, unpublished per curiam opinion of the Court of Appeals, entered February 11, 2021 (Docket No. 349974), and the trial court concluded on remand that defendant's trial attorneys were effective. Defendant again argues that his trial attorneys were ineffective for failing to investigate and present his alibi defense. We affirm.

On remand, defendant presented multiple witnesses who averred and testified that he was living in a homeless shelter in New York City in July 2012. None of the witnesses who testified at the *Ginther* hearing, however, could give unequivocal testimony that defendant was in New York City on July 3. Only one witness specifically testified that defendant was in the city on that date, but that witness had also testified that he was not sure if he even saw defendant on that date. In any event, the trial court concluded that, as a factual matter, none of the witnesses could recall seeing defendant at the critical time involved in this case. Defendant also testified at the hearing, claiming that he told both of his trial attorneys about his alibi and that he even provided a list of witnesses to his second attorney.

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

Both of defendant's trial attorneys testified at the *Ginther* hearing. Defendant's first attorney, Julie Loveless, testified that she represented defendant from August to October 2017. According to Loveless, defendant gave her three different stories about his alibi on July 3, 2012. First, that he was detained by immigration officials in Canada; second, that the victim actually assaulted him in New York that day; and third, that he was living at the homeless shelter. Only the third alibi is at issue now. Loveless called the homeless shelter three times and was told that the shelter did not have any records to verify defendant's alibi. Defendant did not give her the names of any potential witnesses; he also did not tell her that his phone or bank records could help establish his alibi. Loveless stopped representing defendant in October 2017 due to medical reasons and she was replaced by Robert Palmer.

According to Palmer, he was aware of Loveless's investigation into defendant's homeless-shelter alibi. Nevertheless, Palmer also contacted the shelter and was told that it did not have any records to corroborate defendant's alibi. Palmer repeatedly asked defendant for the names of any alibi witnesses, but defendant did not give him any. Palmer and defendant also discussed the possibility of defendant testifying at trial about his alibi, but defendant chose to not testify. Palmer additionally investigated defendant's bank records, but those proved to be a dead end. He then attempted to locate defendant's phone, which had been taken by New York City police after defendant's arrest. Palmer contacted what he believed to be the appropriate precinct based on the location of defendant's arrest and was told that the police did not have defendant's phone. Palmer admitted at the hearing that he may have contacted the wrong precinct, however, because defendant was eventually able to reclaim his phone on his own. Finally, Palmer chose not to present an alibi defense at trial because he had no evidence to support that defense, so he instead attempted to attack the victim's credibility.

At the conclusion of the hearing, the trial court concluded that Loveless and Palmer were credible and that they provided effective counsel. The trial court specifically found that defendant did not provide either attorney with evidence, such as witnesses, to support his alibi defense. The trial court concluded that the investigations were reasonable and, even if they had been deficient, defendant was not prejudiced because none of his witnesses could persuasively establish that they saw him in New York City on July 3, 2012. This appeal followed.

"Whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). "A finding is clearly erroneous if it leaves this Court with a definite and firm conviction that the trial court made a mistake." *People v Dillon*, 296 Mich App 506, 508; 822 NW2d 611 (2012).

To establish a claim of ineffective assistance of counsel, defendant must show that: (1) defense counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *People v Taylor*, 275 Mich App 177, 186; 737 NW2d 790 (2007). Defense counsel's performance is deficient if it fell below an objective standard of professional reasonableness. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). Defendant bears a heavy burden to show that counsel made errors so serious that counsel was not performing as guaranteed by the Sixth Amendment, and defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy. *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001), citing *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v*

*Rockey*, 237 Mich App 74, 76-77; 601 NW2d 887 (1999). The performance will be deemed to have prejudiced the defense if it is reasonably probable that, but for counsel's error, the result of the proceeding would have been different. *Jordan*, 275 Mich App at 667.

Palmer and Loveless conducted reasonable investigations. They both contacted the homeless shelter defendant directed them to and were told that it did not have any records to corroborate defendant's alibi. The trial court did not find credible defendant's testimony that he provided Palmer with a list of potential alibi witnesses. Defendant never told Loveless that his bank and phone records would help him, and Palmer investigated both to no avail. While Palmer could have conducted a more thorough search for defendant's phone, his failure to contact more police precincts—without more—does not rise to the level of ineffective assistance of counsel. Accordingly, Palmer and Loveless did not have any information available to them to corroborate defendant's alibi. Without additional help from defendant, there was nothing more they could have done to investigate defendant's alibi. Given that Palmer did not have any evidence to support defendant's alibi defense, he made the strategic choice to use a different defense at trial by attacking the victim's credibility. He was not ineffective for doing so. Accordingly, Loveless and Palmer were effective as defendant's trial counsel.

Affirmed.


/s/ Brock A. Swartzle
/s/ Amy Ronayne Krause
/s/ Kristina Robinson Garrett