*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

SHAWN JOEL HOPKINS,

       Defendant-Appellant.

UNPUBLISHED
February 28, 2019

No. 337259
Wayne Circuit Court
LC No. 16-002024-01-FH

Before: TUKEL, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

After a jury trial, defendant was convicted of possession with intent to deliver 50 or more, but less than 450 grams of cocaine (possession with intent to deliver cocaine), MCL 333.7401(2)(a)(*iii*), possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and possession of marijuana, MCL 333.7403(2)(d). The trial court sentenced defendant to five years' probation for the possession with intent to deliver cocaine conviction, two years' imprisonment for the felony-firearm conviction, and one day, time served, for the possession of marijuana conviction. Defendant appealed and we granted his motion to remand for a *Ginther*[1] hearing to determine whether he was denied the effective assistance of counsel.[2] On remand, the trial court concluded that defendant had not been denied the effective assistance of counsel and denied his motion for a new trial. We affirm.

## I. BACKGROUND

The Detroit Police Department received tips that someone named Shawn was engaged in drug activity at two separate locations. Officer Cheryl Muhammad testified that she received a tip that there was a large amount of cocaine at a Larned Street apartment. After receiving the tip,

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] *People v Hopkins*, unpublished order of the Court of Appeals, issued May 19, 2017 (Docket No. 337259).

Muhammad conducted surveillance at the Larned apartment on August 13 and 14, 2015. During that time, Muhammad observed defendant exit the apartment and engage in what she believed to be drug transactions. Officer Juan Davis testified that he received a tip about narcotics activity at a residence on La Salle Street. Davis conducted surveillance at that location on August 14, 2015, and observed defendant leave the address and drive to a gas station where he engaged in what Davis believed were drug transactions.

The officers obtained search warrants for both locations. The Larned apartment was unoccupied, but Muhammad found cocaine in the kitchen area, as well as cocaine and marijuana in the bedroom area. Officers also found a firearm and cell phone bill with defendant's name on it. Officers then executed a search warrant for the La Salle address. The mother of defendant's child was present among others. Officers found three firearms and $55,000, which the officers confiscated because it was suspected narcotics proceeds. At both locations, officers found men's clothing that they believed would have fit defendant.

## II. *GINTHER* HEARING

Defendant's claim of ineffective assistance of counsel primarily concerns trial counsel's decision not to call defendant's brother, Jamel Hopkins. Jamel testified at the evidentiary hearing that the Larned apartment was in his name as of August 14, 2015. Although Jamel said that he did not live at the apartment, he testified that he was at the apartment for most of that day and that defendant was not there. Jamel permitted defendant to use the apartment and lent him a key on several occasions. Jamel testified that he did not know who owned the cocaine and marijuana that was found at the apartment.

Trial counsel testified to his decision not to call Jamel as a witness. Counsel said that he spoke to Jamel before trial but did not recall Jamel saying that he was at the apartment on August 14 and that defendant was not there. Counsel did not think that it was important that Jamel was the lessee of the apartment because "[w]hat mattered was, who was at the apartment." When asked why he had Jamel stand at trial during Muhammad's testimony, counsel explained that he was trying to demonstrate that the officer could not tell the brothers apart and that the main issue in the case was identification. Counsel was then asked why he chose not to call Jamel as a witness, and he answered that he thought Jamel could be charged as a felon in possession of a firearm if he testified given the gun found in his apartment. Counsel said that he shared that belief with defendant and that defendant agreed that Jamel should not be called as a witness. Later in the hearing, counsel said that he also had concerns that Jamel's testimony would be perjury. Specifically, counsel feared that Jamel would say that the items at the apartment belonged to him when counsel's conversations with defendant indicated that he owned the items.

In concluding that defendant received effective assistance of counsel, the trial court found credible counsel's testimony that Jamel would have committed perjury. The court also found that counsel believed that the gun belonged to defendant, not to Jamel. The court reasoned that failure to present perjured testimony cannot constitute ineffective assistance of counsel. The court also concluded that Jamel's testimony would not have helped defendant's defense in part because Jamel's testimony would have established that he was a felon who could not legally possess a firearm and that defendant had free access to the Larned apartment. The court also rejected defendant's argument that counsel was not adequately prepared for trial because the

record from the hearing established that counsel spent adequate time preparing for trial and that he met with all of the witnesses who testified at the hearing.

## III. ANALYSIS

"Whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). "A finding is clearly erroneous if it leaves this Court with a definite and firm conviction that the trial court made a mistake." *People v Dillon*, 296 Mich App 506, 508; 822 NW2d 611 (2012).

To establish a claim of ineffective assistance of counsel, defendant must demonstrate that trial counsel's performance fell below an objective standard of professional reasonableness, and that there is a reasonable probability that, in the absence of counsel's unprofessional errors, the outcome of the proceedings would have been different. *People v Grant*, 470 Mich 477, 485-486; 684 NW2d 686 (2004). Counsel is presumed to be effective, and a defendant bears a heavy burden to demonstrate otherwise. *People v Dixon*, 263 Mich App 393, 396; 688 NW2d 308 (2004). An attorney's decision regarding whether to call a witness is presumed to be a matter of trial strategy. *People v Putman*, 309 Mich App 240, 248; 870 NW2d 593 (2015). "Trial counsel's failure to a call a witness is only considered ineffective assistance if it deprived the defendant of a substantial defense. A substantial defense is one that could have affected the outcome of the trial." *Id*. (citation omitted).

Defendant argues that trial counsel's decision to not present Jamel as a defense witness fell below an objective standard of reasonableness. Defendant first contends that counsel provided two mutually exclusive reasons for not calling Jamel as a witness: (1) that Jamel's testimony would result in the prosecutor bringing a felon in possession charge against him, and (2) that Jamel's testimony about his ownership of the gun and drugs would be perjury. To the contrary, counsel's belief that Jamel would have falsely testified the he owned the gun is fully consistent with a belief that this testimony could result in the prosecution filing charges against Jamel for being a felon in possession of a firearm. Thus, counsel's stated reasons for not calling Jamel were not in conflict.

Next, defendant argues that counsel placed Jamel's interests ahead of defendant's interests because counsel was concerned about the potential negative consequences to Jamel rather than focusing on the positive effect Jamel's testimony could have on defendant's case. This argument overlooks the fact that counsel testified that defendant agreed that Jamel should not testify given his prior felony conviction. Setting that aside, even if we agreed with defendant that counsel's consideration of Jamel's interests was improper, counsel still provided a proper reason for not calling Jamel. The Rules of Professional Conduct prohibit a lawyer from offering evidence "that the lawyer knows to be false." MRPC 3.3(a)(3). Further, "an attorney's refusal to knowingly assist in the presentation of perjured testimony is not only consistent with his ethical obligations, but cannot be the basis of a claim of ineffective assistance of counsel." *People v Toma*, 462 Mich 281, 303 n 16; 613 NW2d 694 (2000). The trial court found counsel's concerns that Jamel would falsely testify to be credible, and we generally defer to the trial court's special opportunity to observe witnesses. *People v Galloway*, 259 Mich App 634, 638; 675 NW2d 883 (2003); MCR 2.613(C). Defendant provides no basis for us to overturn the trial court's

credibility determination. Thus, we conclude that the trial court did not clearly err in finding that counsel believed that Jamel's testimony would be perjury, and defendant fails to establish that he was denied effective assistance of counsel.

Even assuming that counsel was ineffective for not calling Jamel as a witness, defendant has not established that he was denied a substantial defense. While Jamel would have testified that he was the only individual present at the Larned apartment on August 14, 2015, he offered no testimony to refute Muhammad's testimony that she saw defendant engaging in narcotics transactions at the Larned apartment of August 13, 2015. Jamel's testimony also established that defendant had free access to the apartment, and the cell phone bill bearing defendant's name indicated his recent presence. In addition, Jamel testified that he did not know who owned the drugs that were found in his apartment. Thus, defendant has not established a reasonable probability that Jamel's testimony would have led to a different outcome at trial.

Finally, defendant argues that trial counsel did not adequately prepare for trial because he failed to investigate or interview Jamel before trial. The trial court, however, found that counsel adequately prepared for trial because he spent time preparing for trial and met with Jamel before the trial started. This finding is supported by counsel's testimony at the *Ginther* hearing regarding the amount of time he spent preparing for trial and formulating his trial strategy, as well as his testimony that he met with Jamel prior to the start of defendant's trial. For those reasons, defendant has not established that his counsel failed to adequately prepare for trial.

Affirmed.

/s/ Jonathan Tukel
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola

-4-